HEBER LIVERMORE *et al.*, Respondents, *v.* HENRY H. WRIGH *et al.*, Appellants.

*Mechanic's Lien—Limitation.*—Under the mechanic's lien law, if the several items are furnished under one contract, the contractor may file his lien within ninety days after the date of the last item; but if the materials are furnished under different, distinct contracts, the lien must be filed under each contract within the time limited.

*Appeal from Iron Circuit Court.*

*Garesché & Farish*, for respondents.

*John W. Noell*, for appellants.

BATES, Judge, delivered the opinion of the court.

This was a suit to enforce a mechanic's lien. The plaintiffs furnished Wright materials for the erection of a dwelling house, and also for the erection of a kitchen to be attached to the house. The contest between the parties was whether all the materials so furnished constituted one demand and lien.

The dwelling house was built. The kitchen has not been built. The materials for the dwelling house were furnished first, and Wright gave his note for their price. The materials for the kitchen were delivered afterward, and, Wright having died, they were not used in the building, but were still lying on the premises when this suit was brought. The lien was filed more than ninety days after the materials for the dwell-

ing house were delivered, but less than ninety days after the materials for the kitchen were delivered.

There was evidence tending to show that Wright contracted with the plaintiffs for all the materials for dwelling house and kitchen at the same time, but wished the materials for the dwelling house to be delivered first, that he might have the use of the house quickly.

Instructions were prayed by both parties and refused by the court, but the defendants took no exceptions to the refusal of the instructions prayed by them. The court on its own motion gave the following instructions, to which the defendants excepted:

1. The court instructs the jury that if they find that the several items of the plaintiffs' account for material furnished Henry Wright, deceased, were furnished by the plaintiffs under one contract, and that the account thereof was filed with the clerk within ninety days after the date of the last item, they will find a verdict for the plaintiffs for the amount of their account.

2. But if they find that the last items of account were not furnished under the same contract under which the first item was furnished, and that more than ninety days had elapsed after the date of the first item before the account was filed with the clerk, then they will disallow the said first item as any proper lien on the building.

3. The court further instructs the jury that although the plaintiffs to entitle themselves to their verdict must satisfy them that the several items of their account were all supplied and furnished by them under one and the same contract, yet if the plaintiffs have shown that the said Wright contracted with them at the same time for lumber to build the dwelling house as well as the kitchen, and that under said contract the plaintiffs did supply the lumber for the kitchen, they will find for the plaintiffs, although said contract did not definitely describe the quality or quantity to be furnished.

If the materials furnished by the plaintiffs were so fur-

nished as two separate, distinct acts under two contracts, each must of necessity stand upon its merits, and there would have been no lien for those first furnished because the lien was not filed within ninety days thereafter; but if it was all one transaction, then, for the purpose of ascertaining the time within which the lien should be filed, it all relates to the time of furnishing the last item. The determination whether it was one transaction or two properly pertained to the jury, and was, by the instructions given, fairly submitted to the jury. The giving a note by Wright was not conclusive evidence of a separation of the two accounts, but was a circumstance very proper to be considered by the jury.

Judgment affirmed; Judges Bay and Dryden concur.