## GERARD B. ALLEN & Co., *Appellant*, v. THE FRUMET MINING & SMELTING COMPANY.

1. **Mechanic's Lien.** Items furnished for repairs come fairly within a continuing agreement to furnish whatever shall be required in the way of fixtures and machinery for a manufacturing establishment; and they may properly constitute a part of an account filed for a mechanic's lien.

2. ———: DEED OF TRUST. As between a mechanic who has furnished machinery under a continuing contract and the beneficiaries in a deed of trust, the right of the former to enforce a mechanic's lien is not affected by the fact that his account embraces items long antedating the deed of trust, when these have been canceled by payments also made before that instrument was executed.

3. ———: ERROR IN ACCOUNT FILED. A mechanic will not lose a lien to which he is properly entitled merely because, through inadvertence and mistake and without any fraudulent purpose, he has included in his account some items not entitled to a lien; especially where no one has been injured by the mistake and the erroneous items are easily separable from the rest.

4. ———: CONTRACT PARTLY PERFORMED BY SUBSTITUTE: SEPARATE LIEN NECESSARY. Where a firm which had contracted to furnish certain machinery were converted into a corporation before the contract was completed, the corporation undertaking to carry out the contracts of the firm, and succeeding to all its property, rights and credits; *Held*, that a claim for machinery furnished by the firm under the uncompleted contract could not be combined with one for machinery furnished by the corporation under the same contract, and the whole filed as one account for a mechanic's lien. So, where a firm for which machinery was furnished under a contract, was converted into a corporation before the completion of the contract the same principle was held to apply.

5. **Application of Payments:** CORPORATION: PARTNERSHIP. When a corporation has been formed by the members of a firm, succeeding to the liabilities of the firm, payments made generally by it, on an account originating in the business of the firm and continued by itself, may be applied by its creditor to such items of the account as as he may choose; and the fact that a person is a stockholder in the corporation who was not a member of the firm, will not affect the rule.

*Appeal from Jefferson Circuit Court.*—HON. LOUIS F. DINNING, Judge.

REVERSED.

*Given Campbell* for appellant.

(1) The articles furnished and work done on the furnace, which was outside of the acre of land described in the lien, were separately itemized, so that they were distinctly picked out; and neither the court nor the trustee were misled. The plaintiff acted in good faith, supposing that all the buildings were on the acre described. (2) The course of dealings between the parties was such as to constitute the account an open and continuous running account. Pulling Mercant. Contr., § 30; *Mc Williams v. Allan,* 45 Mo. 573; *Madison Coal Co. v. Steamboat Colona,* 36 Mo. 446; *Ring v. Jamison,* 66 Mo. 428; *Porter v. Spencer,* 2 Johns. Ch. 169; *Smith v. Marks,* 2 Rand. 449; *Sheppard v. Wilkins,* 1 Ala. 62; *Goodwin v. Harrison,* 6 Ala. 438. The firm of Allen & Co. assigned its account as a running account to the plaintiff, and had a right to do so. *Jones v. Hurst,* 37 Mo. 568. (3) The account being continuous related back to the first item, and thus ante-dated the deed of trust to Obear. This gives plaintiff a prior lien to Obear. *Reilly v. Hudson,* 62 Mo. 38 5; Wag. Stat., 908, 909, §§ 3, 7; *Douglas v. St. Louis Zinc Co.,* 56 Mo. 388. (4) Allen & Co. applied the payments which were made by Einstein & Co. to the discharge of the item of $3,735, which was furnished under the special contract of January 1st, 1871. This they had a right to do, neither Einstein & Co. nor the defendant having ever directed otherwise. *Gantner v. Kemper,* 58 Mo. 570; *Waterman v. Younger,* 49 Mo. 413; *McCune v. Belt,* 45 Mo. 174. (5) The items for repairs are covered by the lien law. *Reilly v. Hudson,* 62 Mo. 387. (6) Again, it was shown by the evidence that the bond creditors, in June, 1874, had notice of the lien claim and

account of plaintiff, and urged the continuance of the same. Obear, the trustee, must have known of these facts. Where a party claiming an interest in land lies by for a number of years, and sees it enhanced in value and improved by the labor and expenditures of others, the courts will not listen favorably to his demands. *McNees v. Swaney*, 50 Mo. 392; *Landrum v. Union Bank*, 63 Mo. 48; *Collins v. Rogers*, 63 Mo. 515; *Evans v. Snider*, 64 Mo. 518.

*R. E. Rombauer* and *Geo. W. Taussig* for respondent, Obear.

Plaintiff cannot recover against defendant, Obear, who occupies the position of an intervening mortgagee for value. (1) Because the work was not done under one contract, but under several distinct contracts, (*Livermore v. Wright*, 33 Mo. 31,) and the account was not filed within six months from the time that the indebtedness accrued on each. (2) Because the plaintiff's account is not just and true, but is untrue and oppressive to plaintiff's own knowledge. *Hoffman v. Walton*, 36 Mo. 613. (3) Because a great part of the items embodied in the account were neither furnished for nor entered into the premises sought to be charged with a lien. *Simmons v. Carrier*, 60 Mo. 582; *Fitzgerald v. Thomas*, 61 Mo. 499; *Fitzpatrick v. Thomas*, 61 Mo. 512. (4) Because the items set out in the plaintiff's account cannot, under the evidence, as a matter of law, constitute an account running. Phillips on Mech. Lien, § 289; *Miller v. Hershey*, 59 Pa. St. 64, 69; *Phillips v. Duncan*, 3 Am. L. Reg. (O. S.) 304; *Updike v. Skillman*, 27 N. J. L. 131; *Norris' Appeal*, 30 Pa. St. 122; *Choteau v. Thompson*, 2 Ohio St. 114; *McCree v. Campion*, 5 Phil. 9. (5) Because the plaintiff mixed in the same account, charges for materials and work, for which a lien is given by law, with charges for work and material, for which no such lien is given or can exist. *Edgar v. Salisbury*, 17 Mo. 271; *McMaster v. Merrick*, 41 Mich. 505. (6) Because the charges in the ac-

count for which a lien is given—April. 4th, 1871, and July 23rd, 1873—are so indefinite that it is impossible to determine "how much of such items is comprehended in each," etc. *Edgar v. Salisbury*, 17 Mo. 271; *Mc Williams v. Allan*, 45 Mo. 575. (7) Because the petition avers one general contract, and the proof shows several special and distinct contracts. (8) Because the account is kept with and credit given, intentionally and knowingly, to Wm. Einstein & Co., from first to last, and never to the owner, the Frumet Mining & Smelting Company, and plaintiff took judgment for the balance against Einstein and Mandle. (9) Because in one count plaintiff alleges three contracts between three different parties—1st, Allen & Co., partnership, and Einstein & Co.; 2nd, Allen & Co., corporation, and Einstein & Co., and 3rd, Allen & Co., corporation, and Frumet Mining & Smelting Company.

HOUGH, J.—This was a suit to enforce a mechanic's lien for the sum of $5,802.80, alleged to be the balance due on an open running account extending from February 2nd, 1871, to August 23rd, 1875. The dealings represented by this account were originally had between Gerard B. Allen & Co. and Wm. Einstein & Co. Allen & Co. were engaged in the manufacture of iron work and machinery in the city of St. Louis, and Einstein & Co. were about to engage in the business of reducing lead ores, and for that purpose had erected buildings on their property at Frumet, Missouri, in connection with which they required a variety of machinery and fixtures, which Allen & Co. agreed to furnish them from time to time. On the 13th day of April, 1871, the firm of Gerard B. Allen & Co. became incorporated under the corporate name of Gerard B. Allen & Co., and said corporation succeeded to all the property, rights and credits of the firm of Gerard B. Allen & Co., and assumed its liabilities. In other words, the business of the firm was continued by and in the name of the corporation, without interruption or change. On the 3rd day of June, 187

Wm. Einstein & Co. became incorporated under the name of the Frumet Mining & Smelting Company. Said corporation in like manner succeeded to all the property, rights, and credits of the firm of Einstein & Co., and assumed all its liabilities, and the account sued on was continued between the successors of the original parties thereto, as if there had been no change in the legal status of either. On July 1st, 1872, the Frumet Mining & Smelting Company executed to the defendant, Obear, as trustee, a deed of trust on the land sought to be charged with a lien, to secure certain bonds issued by said company. The circuit court rendered judgment for the balance claimed to be due, but refused to declare it to be a lien on the property sought to be charged, and the plaintiff has appealed.

One objection made to the account as a lien, is, that it contains items for repairs. We think these items 1. MECHANIC'S fairly come within the understanding or implied agreement of the parties that the plaintiff would furnish whatever should be required in the way of fixtures and machinery for the works at Frumet. The statute expressly allows a lien for repairs, and a running account like the one before us might very properly include such additions, improvements or repairs as should from time to time be needed in connection with the works.

The account filed seems to have included all the transactions between the parties, and it contains an item of 2. ——: deed of $3,735 for machinery furnished under a special contract dated April 4th, 1871. But this item was extinguished by payments made before the execution of the trust deed. The debtors not having made any application of their payments at the time of making them, they were applied by the plaintiff to the oldest items of indebtedness.

A number of items in the account filed aggregating $1,779, were not furnished for any building or other im3. ——: error in provement on the acre of land described in account filed. the lien; but for a furnace situated beyond

Gerard B. Allen & Co. v. The Frumet Mining & Smelting Company.

the limits of said acre, and for a track connecting it with the works. The testimony, however, clearly shows that this was the result of inadvertence and mistake as to the location of the furnace at the time of filing the lien, and not of any desire or intent to defraud; an innocent mistake of this character should not, in our judgment, invalidate the whole lien, especially where no one has been injured by the mistake, and the items are easily separable from the balance of the account. In the case of *Edgar v. Salisbury*, 17 Mo. 271, cited by defendant's counsel, the items for which a lien was given could not be separated from those for which no lien was given. Nor is the case at bar like that of *Fitzgerald v. Thomas*, 61 Mo. 499. There the mechanics sought to cover four separate and distinct houses upon four contiguous lots by a single lien, and we held that it could not be done. No such case is presented here.

The most difficult question which the case presents is, whether the account filed can, in view of the changes which took place in the legal status of the contracting parties, be deemed to be a continuous running account. We are of opinion that the continuity of a running account is broken when the party or firm with whom it is made discontinues business and sells out to another party to whom he also transfers his accounts, although the debtor may thereafter choose to continue dealing with the successor of the person or firm with whom he first dealt. Of course the account may be assigned, but whether the assignee can file a lien in his own name, based upon the account assigned, has not been decided by this court. After the lien has been filed the debt may be assigned, and the assignee will then be entitled to the benefit of the lien, and may enforce it in his own name. *Jones v. Hurst*, 67 Mo. 568. It is essential to the validity of a mechanic's lien that it should be filed within a stated period after the date of the last item of the account, and when the materials or labor have been furnished under distinct contracts it is necessary that the lien should be

*4. ———: contract partly performed by substitute: separate lien necessary.*

filed under each contract within the time limited. *Livermore v. Wright*, 33 Mo. 31.

In the case at bar it required a new contract, either express or implied, to establish an open running account between Einstein & Co. and the corporation of Gerard B. Allen & Co., and this being a distinct account from that made with the firm, a separate lien should have been filed within the time prescribed by law on the account with the firm. The fact that the name of the corporation was the same as that of the firm, and that the stockholders therein were the members of the firm, can make no difference. In the eye of the law, the firm and the corporation are different persons.

Similar observations may be made in regard to the interruption which took place when the Frumet Mining & Smelting Company succeeded Einstein & Co.

All the judges who were present at the argument of this cause are of opinion that the plaintiff is entitled to a lien for all the items of the account furnished by it to the Frumet Mining & Smelting Company, and which entered into and became a part of the machinery, fixtures and improvements on the acre described in the petition. The judgment will be reversed and the cause remanded, to be proceeded in in accordance with this opinion ; RAY, J., not sitting.

## On Motion for Rehearing.

HENRY, J.—The case is correctly stated in the foregoing opinion, and it will be observed, that when the firm of Gerard B. Allen & Co. became incorporated, the corporation acquired all the property and credits, and assumed all the liabilities of the firm, and that when the firm of Einstein & Co. ceased to exist, and the Frumet Mining & Smelting Company was incorporated, the latter succeeded to all the property and rights, and assumed all the liabilities of the firm of Ein-

5. APPLICATION OF PAYMENTS: cor-poration: partner-ship.

stein & Co. Hence, all the debts contracted by Einstein & Co. became the debts of the Mining & Smelting Company, and Gerard B. Allen & Co. had the right, which was exercised, to apply payments made on the account in controversy, either by Einstein & Co. or the Mining & Smelting Company to the first items of the account in the order in which they were made, in the absence of any special application by the party making the payment. The fact that a person was a stockholder in the Mining & Smelting Company who was not a member of the firm of Einstein & Co., did not affect the right in question, because the corporation assumed the debt of the firm and thereby made this the debt of the corporation. We, therefore, adhere to the original opinion, as a correct enunciation of the law applicable to the facts of the case. All concur.