ROBERT L. HENRY ET AL., Appellants, v. W. T. MAHONE ET AL, Respondents.

23a  83
33a  457
23   83
43   166
23    83
75   105
23     83
97   1336

Kansas City Court of Appeals, June 28, 1886.

1. MECHANIC'S LIEN—CONTRACT WITH PARTNERSHIP FOR MATERIALS—EFFECT OF DISSOLUTION OF PARTNERSHIP—CASE ADJUDGED. Where a contract was made with a *partnership* to furnish materials for a building, and, pending the furnishing aforesaid, the partnership was *dissolved* by the retirement of one of its members; the continuity of the running account was broken by the dissolution of the original firm, and it required a new contract, express or implied, between the builder and the *new firm* to establish a *running account* between them.

2. ——— DISTINCT CONTRACTS—IN WHAT MATTER LIEN CLAIM MADE—CASE ADJUDGED.—When materials or labor have been furnished under *distinct* contracts, it is necessary that the lien should be filed under *such contract*. And if *plaintiffs* in this case are entitled to file a lien in their own names (as assignees of and successors to the interest of the retiring partner), they should have filed a *sep-arate* lien on the claim, *prior and subsequent* to the dissolution, and not have *joined* them as *one account*, as they did, in this case.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

On and prior to January 1, 1882, the plaintiffs and one Samuel B. Barker, were partners, doing business under the firm name of Henry, Barker & Coatsworth. On January 1, 1882, Barker retired from the firm, and assigned all his interest in the account sued on to the

plaintiffs, who continued the business of the firm undei
the firm name of Henry Brothers & Coatsworth.

Prior to Barker's retirement, the firm of Henry,
Barker & Coatsworth, had contracted with the defendant,
W. T. Mahone, to furnish materials for the house men-
tioned in the petition and had delivered to Mahone, under
the contract, materials to the value of $261.15. After-
wards, on January 2, and February 7, 1882, the plaintiffs
furnished materials, under the contract aforesaid, to
Mahone to the value of $35.41. At the time the materials
were furnished, Mahone had possession of the lot in
Kansas City, on which the house was being constructed,
under a bond for a deed made by one P. S. Brown.
Mahone failed to comply with the condition of said bond
and after the house was completed, surrendered posses-
sion of the lot to Brown and cancelled the said bond.
Afterwards, Brown conveyed the lot by warranty deed to
J. N. Biddle.

On March 23, 1882, the plaintiffs filed their me-
chanic's lien in the office of the circuit clerk. The lien
was a single one, including both the materials furnished
by Henry, Barker & Coatsworth, as well as those fur-
nished by the plaintiffs, with nothing to show that the
accounts were separate, and with no assignment set forth.
The aggregate amount stated to be due was $296.50,
which was the sum of the two accounts. The affidavit of
Jay Coatsworth to the lien states that "Robert L.
Henry, George W. Henry, and Jay Coatsworth are
partners as Henry Brothers & Coatsworth, and that the
account annexed is a just and true account of the demand
due said firm of Henry Brothers and Coatsworth from
W. T. Mahone, for lumber and building materials fur-
nished by the said firm at the request of, and under and
by virtue of a contract with, the said W. T. Mahone,"
etc.

P. S. Brown and J. N. Biddle were parties defen-
dant with W. T. Mahone. The court tried the case
without the intervention of a jury.

The court refused all the declarations of law asked by all the parties and made the following finding:

"The court finds the defendant, W. T. Mahone, indebted to plaintiff in the sum of $309.88 upon the account sued on; that plaintiffs have a mechanic's lien against the property in the petition described, as to $37.88 of the said indebtedness of said defendant, W. T. Mahone, but are not entitled to prosecute their said lien for a greater amount;" and the court rendered judgment accordingly.

The plaintiffs have appealed from said judgment.

W. J. STRONG, J. K. CRAVENS, for the appellants.

I. Prior to the filing of the lien one of the original firm retired and assigned his interest to his co-partners, the plaintiffs. Plaintiffs were substituted to all the rights of the original firm, and were entitled to enforce the lien for the whole demand, as the successors of the original contract.

II. The lien is only an incident to the debt, and an assignment of the debt carries with it the *right* to a lien; filing the lien is only one step towards enforcing the right, and while the claimant cannot enforce his lien against the *property* until he has complied with the provisions of the statute, still his *right* to the lien exists *from the time* that his *work* and *materials* go into the building. *Douglas v. Zinc Co.*, 56 Mo. 388. No greater right exists after filing the account than existed before, as it is the *furnishing of labor and materials* that gives the lien, and not the filing of the account.

III. The assignee of an account might file the lien and enforce it. *Goff v. Papin*, 34 Mo. 177; *Jones v. Hurst*, 67 Mo. 568. "The lien adheres to the debt, no matter how such debt may be evidenced." *Ib.*

IV. The statute must be construed literally so as to *advance* the *remedy*, and not merely in the strictness of the letter. *Putnam v. Ross*, 46 Mo. 337; *Oster v. Rabenau*, 46 Mo. 595; *De Witt v. Smith*, 63 Mo. 263.

V.   Previous to a judgment no lien, in fact, exists, hence the assignment of the right, *after* filing the account, could convey no more than would be conveyed by assigning the the account before filing.   *Allen v. Mining and Smelting Co.*, 73 Mo. 688.

LATHROP & SMITH, for the respondents.

I.   The *continuity* of the account between Henry, Barker & Coatsworth and Mahone was broken by the retirement of Barker, and a separate lien should have been filed for the two hundred and sixty-one dollars due from Mahone to the firm *when Barker retired.* This was not done either by the old firm or by their successors. The lien filed by plaintiffs in the name of *Henry Brothers & Coatsworth* for the amount due *them*, for lumber and materials furnished by *them* to Mahone, could not, certainly, entitle them to enforce a claim for materials furnished by *Henry, Barker & Coatsworth.   G. B. Allen & Co. v. Mining and Smelting Co.*, 73 Mo. 688.

II.   The lien under our statute is a personal right given to the mechanic, material man, or laborer, as the case may be, for his own protection; and the right to enforce it cannot be assigned or transferred to another. Hence any lien for the materials furnished to Mahone by the firm of *Henry, Barker & Coatsworth* must have been *filed by them*, and in their own name.   *Roberts v. Fowler*, 3 E. Smith (N. Y.)   632 ; *Rollin v. Cross*, 45 N. Y. 766 ; *Pearsons v. Tinker*, 36 Maine, 384; *Caldwell v. Lawrence*, 10 Wis. 331 ; *Tewksberry v. Bronson*, 48 Wis. 581 ; *Brown v. Smith*, 55 Iowa, 37 ; *Langan v. Lankey*, 55 Iowa, 52.

HALL, J.—The firm of Henry, Barker & Coatsworth was dissolved by the mutual consent of its members. Such was the effect of the retirement of Barker from said firm.   Henry Brothers & Coatsworth became the successors of Henry, Barker & Coatsworth, and continued to furnish materials to defendant Mahone, under the

original contract between him and the first firm. The continuity of the running account was broken by the dissolution of the original firm. *Gerard B. Allen & Co. v. The Smelting Co.*, 73 Mo. 693.

It required a new contract, either express or implied, between Mahone and the new firm of Henry Brothers & Coatsworth to establish a running account between them. *Id.*

When materials or labor have been furnished under distinct contracts it is necessary that the lien should be filed under each contract. *Id. ; Livermore v. Wright*, 33 Mo. 31. Conceding, for the purposes of this case, that the plaintiffs, on account of the fact that they were members of the original firm of Henry, Barker & Coatsworth, and that Barker had assigned to them his interest in the account in suit, might have filed a lien in their own names upon the said account ; we are of the opinion that they should have filed a separate lien on that account, and should not have filed one lien upon that account united and joined with the account for materials furnished by them after the dissolution of the original firm. *Gerard B. Allen & Co. v. Smelting Co., supra.*

The finding and judgment of the circuit court were correct, and the judgment is affirmed. All concur.