Kearney v. Wurdeman.

JAMES KEARNEY *et al.*, Respondents, v. G. A. WURDEMAN, Administrator, *et al.*, Appellants.

St. Louis Court of Appeals, January 22, 1889.

33 447
35 343

33 447
104m 23
43 166
44 35

33 447
53 239

33 447
138m 53

33 447
151m511

33 447
88 9

33 447
97 336

1. **Mechanic's Lien: ACCOUNT.** An account filed for a mechanic's lien, which describes the work done according to the usual mode of describing such work, showing the quantity and measurement of each of its different elements, which is drawn up with sufficient particularity to enable the property-owner to ascertain, by a re-measurement, whether the several items have been done in the quantities charged for, and in which there is neither a mingling together of lienable and non-lienable items, so that they cannot be separated, nor even a separate item which is non-lienable, sufficiently complies with the law.

2. **Mechanic's Lien: SEVERAL CONTRACTS.** It is immaterial, in a mechanic's lien proceeding, under how many contracts the work was done, provided that all the contracts were between the same parties, and that the lien was filed within the statutory time after the date of the last item done under each contract.

3. **Instructions: VERDICT: SURPLUSAGE.** Where an instruction given was upon a matter not properly in controversy, and there was a special finding thereupon in the verdict, but in the judgment entered both the matter of the instruction and the finding were wholly ignored and treated as surplusage, there is no weight in an objection, either that the court did not strike out so much of the verdict, or that the judgment did not conform to the verdict; and there was no prejudicial error which would justify an interference with the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*W. F. Smith* and *D. D. Fassett*, for the appellants.

The court erred in overruling appellants' objection to the admission of the mechanic's lien in evidence for

the reasons that it was too indefinite and uncertain, not properly itemized, and that the work was not separated from the materials ; that it did not separate the different divisions of the plastering so as to enable one to ascertain whether any part of it was correct, without first taking the measurements of all of the rooms, closets,. etc., in the building, nor did such lien give the measurements of any portion of said building separately. The lien is given to' any person who shall "do or perform any work or labor" or "furnish any materials." Thus, each is itself specifically the subject of a lien. R. S., sec. 3172. Nothing appears to warrant the idea that there may be an "account" for "materials," and a mere lumping charge for "labor" or one omitted altogether, or both thrown loosely in one mass, in undefined quantities and proportions. *Simmons v. Carrier*, 60 Mo. 581 ; *Schulenburg v. Prairie Home*, 65 Mo. 295 ; *Kling v. Railroad*, 7 Mo. App. 410. An "account" means a "detailed statement." *McWilliams v. Allan*, 45 Mo. 573 ; affirmed 86 Mo. 287 ; *Coe v. Ritter*, 86 Mo. 286 ; *Whitmore v. Yeager*, 3 Mo. App. 582; *Lowis v. Cutter*, 6 Mo. App. 55. And in this as well as other states the cases show that a claimant has been held to designate separately his labor and his materials ; and specifically describe what he claims for each and upon what ground. *Codding v. Nast*, 8 Mo. App. 573 ; *Heinrichs v. Gymnastic Society*, 8 Mo. App. 588 ; *Foster v. Wulfing*, 20 Mo. App. 90 ; *Jersey Co. v. Oliver*, 29 N. J. Law, 420-2 ; Phillips on M. L., sec. 441 ; *Hampton v. Catlin*, 1 E. D. Smith, 729 ; *Russell v. Bell*, 44 Pa. St. 47 ; 66 Pa. St. 336 ; *Carson v. White*, 6 Gill [Md. ] 19-20 ; *Trustees v. Heise*, 44 Md. 473 ; *Shackleford v. Black*, 80 Va. 576-7. The court erred in refusing the instruction offered by appellants at the close of plaintiffs' case, in the nature of a demurrer to the evidence. The evidence had disclosed that the work embraced in the account lien had been contracted for, and done

under two separate and distinct written contracts, made thirteen days apart, which could not be embraced in one lien, and enforced in a single action, as attempted in this case. There is no continuity of account under such contracts. *Livermore v. Wright*, 33 Mo. 31; *Henry v. Malone*, 23 Mo. App. 83; *Allen v. Milling Co.*, 73 Mo. 693. The court erred in giving the instruction offered by the plaintiffs at the end of the trial. This instruction contained several irrelevant and extraneous matters, that had no place in the trial of the case and were not proper to put before the jury. First, it required them to find the "actual date" when the house was commenced; second, it compelled them to pass upon the priorities of the lien and the appellants' claims. This instruction directly tended to mislead and confuse the jury in their examination of the material facts, viz., the plaintiffs' claim, its amount, justness and character, whether the work and labor went into the building, the prices, etc. All this was error. *Steininger v. Reaman*, 28 Mo. App. 594; *Fire Clay Works v. Ellison*, 30 Mo. App. 67. The court erred in refusing defendants' instructions numbered one to five. As to instructions four and five we claim that the court should have declared the effect of the contracts or written bids as matter of law. And hence offered an instruction based on that theory which was refused. But if we were wrong in that, then the other instruction offered, which required the court to leave it to the jury as to whether the work was done under one or two contracts, was certainly right. *Livermore v. Wright*, 33 Mo. 31. And where materials and labor have been furnished under distinct contracts it is necessary that the lien should be filed under each contract. *Henry v. Mahone*, 23 Mo. App. 83; *Allen v. Mining Co.*, 73 Mo. 693. The court erred in overruling the defendants' motion to set aside the verdict, and for a

new trial. If we inspect the verdict and the judgment entered in connection therewith we shall find that the court never set aside or struck out any part of this verdict; as it was given, it stands to-day. The verdict was as much a part of the record as the petition or any part of the judgment entry. And judgment in this case will bind these appellants and operate to their prejudice, they being once joined as defendants, and that, whether any specific judgment is rendered against them in the record or not. *Reilly v. Hudson*, 62 Mo. 386-7. " An unauthorized judgment will be presumed to affect substantial rights, and should be set aside." *Reed v. Southworth*, 71 Wis. 288. "Where issues are made, even by order of a chancellor, the finding of the jury is conclusive on the court until set aside." *Cochrane v. Moss*, 10 Mo. 416; *Hall v. Mullanphy Co.*, 16 Mo. App. 456-7; *Ins. Co. v. Piaggio*, 16 Wall. 386-388; *Bennett v. Butterworth*, 11 How. 669; *Frasohires v. Henriques*, 6 Ab. Pr. [N. S.] 251.

*Taylor & Pollard*, for the respondents.

The court did not err in overruling defendants' objections to the introduction of any evidence at the beginning of the trial. The petition was formal, and certainly full and sufficient. The doctrine is firmly settled in this state that any departure or insufficient averment in the petition is cured by verdict; and this court has so frequently decided this proposition that it would seem idle to cite authorities bearing upon it. The court did not err in overruling appellants' objection to the admission of the mechanic's lien in evidence, on the alleged ground that it is too indefinite and uncertain. *Johnson v. Building Co.*, 23 Mo. App. 548. And there never has been a case in Missouri where an account similar to the one at bar has been held insufficient. Not a single case cited by the appellants from our state or others squints

in support of the position maintained by the appellants. *Simmons v. Carrier*, 60 Mo. 581; *Schulenburg v. Prairie Home*, 65 Mo. 295. *Lowis v. Cutter*, 6 Mo. App. 55, is a well-known case where the items were not given in the lien account, but where the sub-contractor referred to the plans and specifications as showing what he' furnished. The account was properly held bad. The court did not err in refusing the instructions offered by appellants, at the close of the plaintiffs' case, in the nature of a demurrer to the evidence. The lien was not defective nor insufficient under the law of this state. The court did not err so as to prejudice the appellants, in giving the instructions asked by plaintiffs at the end of the trial. Instruction number one is the only one, according to the doctrine of *Steininger v. Raeman*, 28 Mo. App. 594, which should have been given. Number two, which requested the jury to find whether the work of constructing the building in question was begun before or after the placing upon the property certain deeds of trust, was an immaterial issue in this case. The court did not err in refusing defendants' instructions, numbered one to five. As we have already stated, the suit is not upon contract, but upon a *quantum meruit*, and in such a case if the items constitute a running account, it is manifest that all may be embodied in one lien, and in one count or cause of action in the petition. Instructions numbered four and five refused were properly refused, for they proceeded on the hypothesis that if the jury should find that the deafening was done under a certain bid, and the plastering under another and distinct bid, then, and in that event, no lien could be enforced against the building in question. The court did not err in overruling defendants' motion to set aside the verdict, and for a new trial. It seems idle for the defendants to argue that the judgment is wrong, because it did not cover and embrace the surplusage which was embodied in the verdict. As we have seen, the court

rendered precisely the kind of judgment in this case, which this court directed in the Steininger case. The court had no power to strike out the verdict, or any part of it, but it had power to do precisely what this court has said is the proper thing to do upon such a verdict: Not to try the case over, since that would make useless cost, but to enter a verdict which is responsive to the issues properly triable in such a case.

THOMPSON, J., delivered the opinion of the court.

This action was brought by a firm of contractors against the owner of certain property and against the trustees and beneficiaries in certain deeds of trust thereon to enforce a mechanic's lien against the property and to procure an adjudication establishing it as a lien prior to the lien of the deeds of trust. The petition is framed on the theory of establishing the value of the work done, on the principle of a *quantum meruit*. The answer was a general denial. After the issue had been thus made up, the death of the principal defendant, the owner of the property, was suggested, and the action was revived against his administrator. The administrator of the principal defendant made default, and the petition was taken as confessed as against him. The evidence shows that the work which was the subject of the mechanic's lien was done by the plaintiffs under two different contracts with the owner of the property, one for the plastering and the other for the "deafening." The bid for the plastering under which that part of the work was done was for the round sum of nine hundred and sixty-nine dollars, and the bid for the deafening under which that part of the work was done was for the round sum of fifty-three dollars. The jury returned the following verdict: "We, the jury, find for the plaintiffs in the above-entitled cause, and assess their damages at $728.59 ; and we further find that plaintiffs perfected their mechanic's lien against the building and premises

described in the petition, and are entitled to their lien thereon for said sum. And we further find that the construction of said building was begun on or about the tenth day of July, 1886, and that plaintiffs' lien is prior and superior to either of the deeds of trust put upon said property subsequent to the tenth day of July, 1886." Upon this verdict a judgment was entered embracing the following, among other recitals: "And the jury further say that they find that the construction of said building was begun on or about the tenth day of July, 1886, and that plaintiffs' lien is prior and superior to either of the deeds of trust put upon said property subsequent to the tenth day of July, 1886. It is therefore considered by the court that plaintiffs recover of the estate of Felix Raeman, deceased, in charge of G. A. Wurdeman, administrator, the sum of $728.59, the damages aforesaid as assessed, together with their costs and charges herein expended ; and if sufficient property of said estate of Felix Raeman be not found to satisfy said judgment and costs of suit, then that the residue thereof be levied out of the following described premises charged with said lien, as follows :" etc. From this judgment an appeal is prosecuted to this court by three of the defendants, parties to the deeds of trust already spoken of.

I. The first substantial assignment of error is, that the court erred in overruling the defendants' objection to the testimony of Boerman, the architect, and the motion to strike out the same, it being testimony as to what Raeman (the owner of the property, and before his death principal defendant) had told him, because such declaration of Raeman was not made in the presence of the defendant who defended the action. Waiving any question as to the merits of any objection of this kind, it is sufficient to say that, looking at the record, it does not appear that this objection was directed to any particular item of testimony. We see nothing in the testimony of this witness in the part of the record to which

we are directed, in the nature of a declaration of Raeman except the statement that Raeman had informed the witness that he had employed the plaintiffs to do the particular work in question; and as to this fact there was no controversy whatever.

II.    The next two objections range themselves under the same head.    One is, that the court erred in admitting in evidence the mechanic's lien paper; and the other is, that the court erred in overruling the defendant's request for an instruction in the nature of a demurrer' to the evidence.    These objections are grounded upon an objection to the sufficiency of the account filed with the claim of lien.    The objection, as taken at the time when the paper was offered in evidence, was as follows:    "I object to the introduction of the lien in evidence, for the reason that the work is not sufficiently itemized; that it does not separate the items of material from the labor, neither with respect to the work of deafening, nor with respect to the plastering; and it does not separate the different divisions of this plastering so as to enable one to ascertain whether any part of it is correct or not, without first taking all the measurements of the entire building.    It does not give the dimensions of the closets separately, or of the rooms separately, or any one of the floors separately.    Also, that it does not separately set forth the items of work embraced in deafening the hall, and the work embraced in plastering; and generally, that it is indefinite and insufficient,"—which objection was overruled by the court, the defendants excepting.

The account which was the subject of this objection is in the following language:

Kearney v. Wurdeman.

"1886, November 1.

" To furnishing all the material for
and doing the lathing and plastering
of said building with three coats laid-
off work, requiring 3840 2-3 square
yards worth 25c per yard...........$ 960 17

"To furnishing material for and put-
ting on 350 linear feet of com. cornice,
worth 20 cts. per foot...............   70 00

"To furnishing and putting on seven
moulded circles, 18 inches in diame-
ter, worth........................   10 00

"1887, February 3.

"To furnishing the material and deafen-
ing 367 yards of floor on hall, worth
15c per yard......................   55 05

"Total debit........................$1095 22

"By credit on account...............   400 00

"To balance due...................$ 695 25"

We know of no decision in this state under which
it can be held that this account is insufficient.    It
describes the work done according to what the evidence
shows to be the usual mode of estimating such work,
showing the quantity and measurement of each of the
different elements of the work, to-wit, the plain lathing
and plastering, the common cornice, the moulded circles
and the deafening of the floor.    The account is drawn up
with sufficient particularity to enable the property-
owner to ascertain, by a re-measurement, whether the
different items of work had been done in the quantities
charged for.    There is no mingling together of lienable
and non-lienable items, so that they cannot be separ-
ated, nor is there even a separate item which is non-
lienable.    The account is made out in the usual and
proper way in which such accounts are made.    To

require the mechanic to do more and to specify the amount in each room, and how much of it was work and how much material, and what part of the value of the lathing and plastering which is charged for by the square yard is represented by the lathing and what part by the plastering,—would be to require of him an idle superfluity. We need not enter into a review of the decisions of the supreme court and of this court upon this question, nor refer at all to decisions in other jurisdictions. We may safely say that there is no decision, either of the supreme court or of this court, which condemns the above account; and that it is properly made out is shown by the decision of this court in *Johnson v. The Building Co.*, 23 Mo. App. 546, where the account was framed upon a similar standard of measurement and was held good, though some of the work charged for was separated from the rest by the evidence, and withdrawn by the plaintiff in that case.

III. The next substantial objection, offered as a reason why the court erred in overruling the defendant's motion for an instruction in the nature of a demurrer to the evidence, is, that the evidence disclosed that the work embraced in the lien account had been contracted for and done under two separate and distinct written contracts made thirteen days apart; and it is argued that, for this reason, the work done under these two contracts could not be embraced in one lien and enforced in a single action. No authority has been adduced which supports this suggestion. It is immaterial under how many contracts the work was done, provided all the contracts were between the same parties, and provided further that the lien is filed within the statutory time after the date of the last item done under each contract. All that *Livermore v. Wright*, 33 Mo. 31, decides is, that if materials are furnished under different contracts, the lien must be filed within ninety days after the furnishing of the last item of material under each contract, and the

lien was so filed in this case.   The other decisions cited in support of this contention,—*Henry v. Malone*, 23 Mo. App. 83, and *Allen v. Milling Co.*, 73 Mo. 693,—merely go to show that where there has been a change of parties doing the work under the contract, as by the dissolution or incorporation of a partnership, there must be separate liens; and this for the obvious reason that there are separate parties and hence separate rights.

IV.   Objection is made that the court in its instructions required the jury to find "the actual day when the house was commenced," and that it required them to pass upon the priorities between the mechanic's lien and the liens of the deeds of trust under which the appellants claim.   It is true that such was the nature of the instructions.   But at the time of the trial the decision of this court in *Steininger v. Raeman*, 28 Mo. App. 594, holding that it is not competent for the court, in an action to establish a mechanic's lien, to settle priorities between the mechanic's lien claimant and other incumbrancers, had not, it is stated, been pronounced.   That decision was, however, rendered before the court entered judgment on the verdict, and the court in entering its judgment accordingly rejected so much of the verdict as surplusage as undertook to settle the priorities between the mechanic's lien and the plaintiffs and the deeds of trust of the defendants who resisted the action.   In doing so, the court rendered such a judgment as we directed the circuit court to render in that case.   There is no weight in the objection that the court in point of fact never set aside or struck out any part of the verdict.   The same result was reached by disregarding what was surplusage in entering the judgment.   The objection that the judgment does not conform to the verdict is an unsubstantial technicality.   So much of the verdict as the court disregarded was, in the absence of a submission of that question to the jury by the consent of the parties, a mere nullity, and the cases

cited where judgments have been held bad because not conforming to the verdict under which they were rendered, have therefore no application.

We are asked, in affirming the judgment, to give ten per cent. damages for a frivolous appeal. The errors which have been assigned are scarcely debatable ; but we cannot say that the appeal is so barren of merit that its prosecution may not have been advised in good faith. The judgment will therefore be affirmed, but without damages. All the judges concur.