GEORGE DUGAN, Plaintiff in Error, v. LAURA F. HIGGS, Defendant in Error.

### Kansas City Court of Appeals, January 5, 1891.

1. Mechanic's Lien: CHANGE OF CONTRACTORS: SEPARATE LIENS: RUNNING ACCOUNT OR CONTRACT IN SOLIDO. If A, under an agreement with B, furnishes some materials for a building, and then under another and subsequent agreement with C supplies other like material for the same building, then A, the materialman, cannot in one mechanics' lien enforce his claim for the entire account furnished both B and C, nor does it make any difference whether it is a matter of running account or contract *in solido* for the entire material.

2. Appellate Practice: BILL OF EXCEPTIONS: ABSOLUTE VERITY. Where the bill of exceptions shows that a certain book was introduced at the trial, such fact cannot be called in question in the appellate court.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED

*L. Traber, L. C. Krauthoff* and *Teasdale, Ingraham & Cowherd,* for appellant.

(1) If Mitchell alone entered into the contract with Dugan, whereby the former agreed to buy, and the latter agreed to furnish, all the sawed stone required by

the plans and specifications of the building, then even if Mitchell did abandon the work, and Frazier finished it, a lien in the name of Mitchell would have been good, and the adding of Frazier's name to it would not have made it bad. Unless Dugan released Mitchell from that contract, he was liable for the whole contract price. This is not a case of "running account." *Putnam v. Ross*, 55 Mo. 116 ; *Putnam v. Ross*, 46 Mo. 337. ( 2 ) If Frazier and Mitchell contracted jointly with Dugan for all the sawed stone required for the erection of the building, as shown by the plans and specifications, then Mitchell's abandonment, and the fact that Frazier ordered, received and used the material thereafter alone, and on his own account, or even if it was furnished to him individually, would not make two liens necessary in order to enforce the claim against the building. *Putnam v. Ross*, 55 Mo. 116 ; *Miller v. Whitelaw*, 28 Mo. App. 643 ; *Miller v. Hoffman*, 26 Mo. App. 205 ; *Foster v. Wulfing*, 20 Mo. App. 85-87 ; *Hassett v. Russet*, 64 Mo. 325 ; *Heltzell v. Railroad*, 20 Mo. App. 439 ; *Iron Works v. Smelting Co.*, 80 Mo. 265. ( 3 ) The court erred in allowing respondents, three days after the case was closed and in the absence of appellant's counsel, to put in evidence the account book of appellant. The testimony shows that appellant had not seen this book for over a year ; if it was competent evidence he had the right to explain it. Of this right he was robbed by this unheard-of way of putting in the evidence after the case had been closed, and in the absence of counsel.

*Botsford & Williams* and *B. F. Deatherage*, for respondent.

( 1 ) The court having found that the stone sued for and embraced in appellant's mechanic's lien in suit had been furnished and delivered by appellant, partly to Mitchell, the subcontractor, and partly to Frazier, the contractor, alone, after Mitchell had notified appellant not to furnish any more stone on his account,

separate liens should have been filed for the materials so furnished each, and separate suits brought for the enforcement of each lien ; and the same should not have been so commingled and mixed together, so that it is impossible, from the lien statement filed, to distinguish the one from the other, or to know what part of the material was furnished to Mitchell and what part to Frazier. For these reasons, the whole lien of appellant, is void, and incapable of enforcement against the property of these respondents. *Gauss v. Hussman*, 22 Mo. App. 115, 120 ; *Henry v. Mahone*, 23 Mo. App. 83 ; *Miller v. Hoffman*, 26 Mo. App. 109 ; *Kearney v. Wurdeman*, 33 Mo. App. 447 ; *Bruns v. Braun*, 35 Mo. App. 337 ; *Livermore v. Wright*, 33 Mo. 21 ; *Allen v. Mining & Smelting Co.*, 73 Mo. 688. ( 2 ) The record shows that the account book of appellant was put in evidence after the close of the testimony of respondent, R. E. Higgs, and before the declarations of law were given and refused by the court. It, therefore, contradicts appellant's statement, in his abstract, page 21, that this account book was placed in evidence three days after judgment was rendered, and in absence of appellant's counsel, and the record must be accepted as an absolute verity by this court. *Christian v. Wright*, 19 Mo. App. 165 ; *Cooper v. Duncan*, 20 Mo. App. 353.

*Teasdale, Ingraham & Cowherd, Karnes, Holmes & Krauthoff*, for plaintiff in error.

While there is a scintilla of proof that Dugan made his original contract with Mitchell alone, yet all the evidence shows that the contract was not for such items as might be ordered from time to time, under which Mitchell could cease buying from Dugan whenever he wished, but that it was one entire contract for all the cut stone which might be needed for the Higgs house. The important and decisive distinction between the rules and authorities relied on by the defendants, and this

case, lies in the difference between a "running account" and a general contract, so to speak. The court below ignored or denied this distinction. Were this an instance of a running account, on which every item represented a distinct purchase, the application of the cases cited and of the instruction given could be deciphered. But there can be no doubt that when Mitchell contracted for all the cut stone needed for the house, an entire contract was made, from which he could not relieve himself by leaving the work, or by notifying Dugan that he had done so. *Milner v. Norris,* 13 Minn. 455, 457; *Iron Works v. Creek Co.,* 80 Mo. 265, 269; 2 Jones on Liens, sec. 1436; *Hofer's Appeal,* 116 Pa. St. 360, 363; *Cox v. Railroad,* 44 Cal. 18, 28; 2 Jones on Liens, sec. 1394; *Harrison v. Water Works Co.,* 25 Fed. Rep. 170, 172; *Douglas v. Zinc Co.,* 56 Mo. 388; *Perry v. Conroy,* 22 Kas. 716, 721, 722; *Gordon v. Torrey,* 15 N. J. Eq. 112, 114; *Edwards v. Derickson,* 28 N. J. Law, 39, 43; s. c., 29 N. J. Law, 468, 470; *Hern v. Hopkins,* 13 S. & R. 269, 276.

GILL, J.—This action was brought against A. A. Frazier, who was the contractor, and John Mitchell, a subcontractor, and Laura F. Higgs, owner, whereby plaintiff Dugan sought to enforce a mechanics' lien against a block of buildings at the corner of Thirteenth and Washington streets, Kansas City, on account of certain stone furnished in the erection thereof. Plaintiff claimed that all the stone furnished in the erection of the buildings was so supplied under and by virtue of a contract by him made with said Frazier and Mitchell jointly. The mechanics' lien account, filed with the circuit court, charged Frazier and Mitchell jointly as contractors with plaintiff, and the petition in the cause contained the like allegations. The only defense made was by Mrs. Higgs, joined therein by her husband. The answer was a general denial. Trial by jury was waived, and the cause was submitted to the

court, who found the issues for defendant, and plaintiff has appealed.

The theory of the defense is, that a portion—per-haps one-third or one-half—of the stone furnished by plaintiff, and for which this one lien is sought, was supplied under a contract plaintiff had with Mitchell alone, and that the remainder of the account was for stone sold by plaintiff to Frazier, and that no portion of the stone was furnished on any joint contract or joint order of Mitchell *and* Frazier. There was evidence pro-duced at the trial tending to sustain the theory of both sides respectively. It appears, without controversy, that Frazier was the general contractor with the defend-ant Higgs for the erection of the block of buildings, and that Mitchell took the contract under Frazier to supply the cut-stone work. It appears, too, without dispute, that Mitchell prosecuted the work, getting the supply of cut stone from Dugan, until the buildings were one-third or one-half completed, when Mitchell abandoned the job altogether, and gave notice thereof to Dugan, and warned Dugan not to furnish any more stone on his account. But Dugan testified that his contract was with both Mitchell and Frazier, and that after Mitchell abandoned the work, he continued to furnish stone as before, until the buildings were completed. Along with other evidence tending to sustain defendant's claim, that Dugan's contract in the first instance was with Mitchell, and not with Mitchell and Frazier, the books of account of Dugan were introduced, which showed that up to the time Mitchell left the job, the stone was charged to John Mitchell, and thereafter was charged to R. E. Higgs (defendant's husband).

I. The main controversy here rests upon the court's action in declaring the law as contained in the following instruction, to which plaintiff objected: "The court declares the law to be that if plaintiff furnished, sold and delivered to Mitchell that portion of the stone sued for, that was used by Mitchell while

he was carrying out his subcontract with Frazier, and if, when Mitchell threw up his contract, he notified plaintiff of the fact, and notified plaintiff to furnish no more stone on his account, and if Frazier completed the remaining stone work himself, and if plaintiff furnished, sold and delivered to Frazier, and not to Mitchell, the stone with which Frazier so completed said stone work, then the finding and judgment must be against plaintiff, that he is not entitled to a mechanics' lien against the property of defendants, Higgs and wife, described in the petition."

The theory of this instruction is: If A, under an agreement with B, furnishes some materials for a building, and, then, under another and subsequent arrangement with C, supplies other like materials for the same building, then A, the materialman, cannot in one mechanics' lien enforce his claim for the entire account furnished both B and C. Or, applying the same to the facts of this case, if a portion of the items of the account. for which a lien is here sought, was sold and delivered to Mitchell alone, and the remainder sold and delivered to Frazier alone, then there are two separate and distinct accounts, for which separate liens should be filed, and separate suits be brought. It can scarcely be doubted that this is correct. *Allen v. Smelting Co.*, 73 Mo. 688; *Kearney v. Wurdeman*, 33 Mo. App. 447; *Henry v. Mahone*, 23 Mo. App. 83; *Gauss v. Hussman*, 22 Mo. App. 115. As aptly quoted in defendant's brief: " Where there has been a change of parties doing the work under the contract, there must be separate liens, and this for the obvious reason that there are separate parties and hence separate rights." *Kearney v. Wurdeman, supra*, p. 457.

The decision in *Putnam v. Ross* (55 Mo. 116, and 46 Mo. 337) in no manner conflicts with this view. The facts there were quite different from those found here. There Ross and Shane were the contractors for doing the work. During its progress Shane withdrew,

and Ross continued and finished the job.   A portion of the lumber furnished by plaintiff Putnam, was supplied while the partnership of Ross and Shane existed and a portion after Shane's retirement.   It was there held, that, as Ross was liable throughout as a several obligor in the purchase of the lumber, he might be sued alone as contractor and a lien enforced for the whole in one action.   There the contractor Ross was a party liable for the lumber during the entire transaction—while here (if we heed the finding of facts by the circuit court) Mitchell was alone purchaser of a portion of the items charged in this lien, and Frazier alone the purchaser of the remainder.

Neither does it concern this case, as seems to be contended in plaintiff's reply brief, whether this was a matter of a *running account*, or was a contract for the purchase *in solido*, of the entire stone work of the buildings in question.   Whether Mitchell had the one or the other contract with Dugan, it was in his power, by the consent of Dugan, to abandon the work and all future obligations in relation thereto, and it was then in the power of Dugan (as the evidence strongly tended to show he did) to go on thereafter and furnish the stone to Frazier or to Higgs, and to look to them for payment.   The continuity of the original contract, or account, had between Dugan and Mitchell, was then broken.

Plaintiff complains further that the trial court permitted defendants, three days after the trial, to add as evidence in the cause the account book of plaintiff.   As to this it is sufficient to say that from the bill of exceptions the fact does not so appear.   The bill of exceptions shows that this book was introduced at the trial. With us this imparts absolute verity.   *Christian v. Wright*, 19 Mo. App. 165.

We have here noticed all that deserves attention in an opinion, and discovering no reversible error the judgment below will be affirmed.   All concur.