## THE PEOPLE v. SHEA.

In a prosecution for assault with intent to commit murder, where the prosecuting witness was asked, on cross-examination, if he did not, previous to the assault, buy a pistol to use upon the defendant; to which he answered in the affirmative; it was competent for the prosecuting-attorney to ask the witness to state his reasons for so doing; and his answer that he was induced to do so by "what, he was informed by a third person, the defendant had said," was competent to show the motive of the witness.

APPEAL from the Court of Sessions of Stanislaus County.

The defendant was indicted for an assault with intent to commit murder, and was convicted and sentenced for an assault with an intent to commit bodily injury. The bill of exceptions contains only a small portion of the testimony, and none of the instructions given by the Court. On the trial, the prosecutor, Daniel Perrigru, was examined as a witness, and upon cross-examination, the prisoner's counsel asked the witness, "if he did not buy a pistol, a few days previous to the assault, to use upon the person of Shea, the defendant?" The witness at first answered that he "bought the pistol to defend himself and sister." The question was repeated, and the witness required to answer, "yes," or "no," and he then answered, "yes, I did." The district-attorney then asked the witness to state the reasons therefor, and the witness stated that "from what his sister had told him what Shea said, (the sister being the wife of Shea, the defendant,) induced him to purchase the pistol to use against Shea." The defendant's counsel objected to the testimony, on the ground of its being hearsay, but the Court overruled the objection, and the prisoner excepted. A motion for a new trial was made and overruled, and the defendant appealed.

The jury found defendant guilty of an assault with intent to commit bodily injury, and the Court sentenced him to ten months' imprisonment. Defendant appealed.

*Stafford* for Appellant.

*The Attorney-General* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of the Court—FIELD, J., concurring.

The objection on the part of the prisoner does not seem, un-

der the circumstances, to have been well taken.    The inten-
tion of the prisoner's counsel was to prove the simple fact that
the prosecutor had purchased the pistol "to use upon the per-
son" of the prisoner, and from this circumstance, to leave the
jury to infer that the witness purchased the instrument with the
intent to assault the prisoner, and not use it in his own defence.
The attorney for the State had then the right to ask the wit-
ness for what purpose he purchased the pistol.    The question
as to the motive or interest of the witness, was brought out by
the question of prisoner's counsel, and it was competent for
the witness to state the grounds of his conduct, to show his
motive.

"Thus, when the question is, whether the party acted pru-
dently, wisely, or in good faith, the *information* on which he
acted, whether true or false, is original and material evidence."
1 Green. Ev., § 101.

Judgment affirmed.