Longworth, J.
As a general rule, in trials for homicide or felonious assault the character of the person assaulted or killed cannot be shown; for the reason that the law holds it to be as criminal to assault abad and violent man as a good and peaceable one. But to this rule there is an exception in cases where the plea is self-defense and there is evidence tending to show that the actual or attempted killing took place while the accused was being actually assaulted. In such case the intent being an essential element of the crime, evidence is competent to show what the accused person really believed, at the time, and what reasons he had for entertaining such belief; and it will not affect the competency of the evidence that such belief turns out to have been a mistaken one. It is no defense to a charge of this character to show that the deceased or prosecuting witness was a wicked or violent man, but the fact that the accused believed him to be so is calculated to throw light on his actual intent as rendering his act criminal or excusable. A club may or may not be a deadly instrument, and I can well understand that, when in the hands of a man known to be of blood thirsty disposition, a reasonable ground to fear great bodily harm might exist, whereas, when used under the same circumstances by an irritated, but ordinarily peaceable man, no such apprehension would be justifiable.
The rule allowing evidence of character or general reputation in such eases, brought home to the knowledge of the prisoner, is founded on the clearest principles of reason and common sense, and is amply sustained by authority.
In 1 Greenl. Ev. § 101, the learned author lays down the broad principle as follows :—“ Thus, when the question is whether the party acted prudently, wisely or in good faith, the information on which he acted, whether true or false, is original and material evidence.” . . “Upon the same principle it is considered that evidence of general reputation, reputed ownership, *664 public rumor, general notoriety and the like, though composed of the speech of third persons, not under oath, is original evidence, and not hearsay.”
To illustrate the proposition he cites with approval the case of People v. Shed, 8 Cal. 538, in which it was held that when the accused claimed to have procured a pistol to defend himself against the attack of another; upon the ground of certain information received from others, such information became an original fact proper to be proved in the case.
It is said in 2 Bishop Crim. Proced. § 614: “ Though, as a general rule, even on an indictment for murder, the character of the deceased as being quarrelsome, and the like, can have no effect, however ill it may be, to excuse the act of the defendant, and, therefore, it should not be received in evidence when brought forward by him ; yet if, in the particular case as presented before the court—as, for instance, when there is a question whether the homicide was committed from malice or was prompted by the instinct of self-preservation, and there is no direct testimony as to what was done, blit the whole or the principal evidence is circumstantial,—then it may be proper to permit the defendant to give in evidence what he knew of the character of the person whose life he took; for so an act which would otherwise seem unjustifiable or premeditatedly malicious might appear more probably to have been done in self-defense or in a quarrel.”
The subject is carefully discussed in Wharton Crim. Ev. §§ 6S-84, inclusive; see, also, 14 Am. Law Review, 579.
The rule as announced by us was declared to be the law in the following cases, in most of which the question arose in substantially the same manner as in the case at bar: Nichols v. People, 30 Hun, 165; Stephens v. State, 1 Tex. Ap. 591; People v. Murray, 10 Cal. 309; People v. Anderson, 39 Ibid. 703; State v. Bryant, 55 Mo. 75 ; State v. Matthews, 78 N. C. 523; Eiland v. State, 52 Ala. 323 ; Monroe v. State, 5 Ga. 85 ; Horbach v. State, 43 Tex. 242; People v. Lamb, 2 Keyes, 371.
As far as I am aware the doctrine has never been denied except in Commonwealth v. York, 9 Met. 93, and in Commonwealth v. Hilliard, 2 Gray, 294, in which evidence of reputa* *665 tion was not admitted under a like state of facts. These decisions, although entitled to the greatest respect on account of the eminence of the distinguished judges who announced them, are at variance with the whole current of decision in other states and with the views of the text writers who have treated of the subject; and do not appear to us to be supported by the sound common sense logic which underlies the whole law of evidence.

Judgment reversed.'