76 361
126 541

## THE STATE v. HARRIS, *Appellant.*

1. **" Premeditation "** is a necessary element of the crime of murder in the second degree, and it is the duty of the court to define the term to the jury.

2. **Definition of " Premeditation."** The correct meaning of "premeditation" is " thought of beforehand for any length of time however short." An instruction, therefore, which defines the term as "thought of for any length of time however short," is erroneous.

3. **Murder in Second Degree:** PRESUMPTION. A killing with a deadly weapon is not presumed murder in the second degree, unless it is willful or intentional.

4. **Threats Communicated to Defendant.** On a trial for murder evidence of a threat made by the deceased and communicated to the defendant before the killing by a person since dead, is admissible.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Dysart & Mitchell* for appellant.

1. The omission of the word "beforehand" in the definition of premeditation, is fatal. Premeditation is an element of murder in the second degree, and the prisoner was entitled to have it properly defined. *State v. Kotovsky,* 74 Mo. 247; *State v. Curtis,* 70 Mo. 594; *State v. Sharp,* 71 Mo. 218; *State v. Ellis,* 74 Mo. 207. The definition given does not explain but obscures; it is the definition of a different word.

2. The testimony of the defendant in regard to the threat of the deceased was not hearsay. It was direct evidence liable to influence his conduct.

*D. H. McIntyre,* Attorney General, for the State.

1. Leaving out the word "beforehand" could not have done the defendant any harm, and as applied to the case and understood by the jury, the meaning of the term remained the same, notwithstanding such omission. It refers to the act of killing, and means that it must be thought of beforehand—that is, before its commission. The jury could only have understood the instruction in this way, and if the act was thought of before committed, for any length of time, however short, it must have been thought of beforehand.

2. The evidence of the threat comes within none of the exceptions to the rule excluding hearsay evidence which are (1) In matters of public and general interest. (2) Questions of pedigree. (3) Of the exception with reference to ancient possession. (4) In the case of dying declarations. (5) In the case of declarations against interest by persons since deceased. (6) In the case of declarations of entries made in the course of office or business. (7) In the case of testimony given on a former trial b_y a witness since deceased. (8) In the case of an admission by a party to the suit, or by a partner or agent of a party. (9) In the case

of a confession by a prisoner. 1 Phillips' Ev., (5 Am. Ed.) 173, 177. In the absence of any special provision of law, the practice as to the admission of evidence is the same in criminal as in civil cases. R. S. 1879, § 1907.

NORTON, J.—The defendant was tried at the September term, 1881, of the Macon county circuit court, upon an indictment charging him with murder in the first degree in killing one Thomas Morgan, and was convicted of murder in the second degree, and his punishment assessed at twenty years in the penitentiary. From this judgment defendant has appealed to this court and seeks a reversal thereof for alleged errors committed by the court in instructing the jury and in refusing to admit evidence offered by defendant.

It is insisted that the first instruction is erroneous in this, that it defines the word "premeditated" thought of for any length of time however short. The above word has been invariably defined by this court "thought of beforehand for any length of time, however short." The important and essential word in defining premeditation is omitted by the court in said instruction. Ever since the case of State v. Wieners, 66 Mo. 20, was decided, it has been held that premeditation was a necessary element in murder of the second degree, and that there could be no murder of that degree unless the killing was premeditated. It therefore follows that it was the right of defendant to have the jury pass upon the question whether he killed the deceased premeditatedly. It also follows that to give the defendant the benefit of this right, and to enable the jury to pass upon the question, it was the duty of the court to correctly define the term. As this was not done, error was committed depriving defendant of the enjoyment of said right and leaving the jury to grope in the dark. An erroneous definition is equivalent in law to no definition, especially so in a case involving the liberty of a citizen. The error thus committed necessarily leads to a reversal of

the judgment, as we are unwilling to say, under the facts in this case, that the error was a harmless one, and did not prejudice defendant.

The tenth instruction, in which the jury are told that, " if they believe from all the evidence that the defendant, Thales H. Harris, killed Thomas Morgan with a shotgun loaded with gunpowder and leaden bullets, the law presumes that the killing is murder in the second degree, unless it appears from all the facts in the case that the killing was justifiable as set out in other instructions," is, (under the authority of the case of *State v. Wieners, supra,* and *State v. Robinson.* 73 Mo. 208,) subject to the objection made to it, that it omits the word " willfully" or " intentionally" before the word "killed," used in the instruction.

During the progress of the trial, defendant was placed on the stand as a witness, and was asked to " state if at any time before the killing of Morgan, any one communicated a threat of Morgan to kill you. If so, state when it was and who communicated the threat." Upon the objection of the State's attorney, the court refused to allow the witness to answer the question, and it is insisted that such action was erroneous. It appears that the person who communicated the threat was dead.

The precise question here presented was passed upon in the case of *Carico v. Commonwealth,* 7 Bush 124, and it was held that the accused had a right to prove that a person, then dead, had but a short time before the homicide, told him that the deceased had armed himself with a shotgun, to kill him ; that while it was not legal evidence of deceased having armed himself to kill the accused, it was competent to prove that accused had so heard, and may have had a right so to believe ; and to that extent and for that purpose it was admissible. The same principle is announced in the case of *People v. Shea,* 8 Cal. 538. A similar question was presented in the case of *State v. Lee,* 65 Mo. 165, and while it was not directly decided, the inference deducible from it is, that the evidence was admissible.

So in section 101, Green. Evidence, the writer, in discussing hearsay evidence says: "Where the question is whether the party acted prudently, wisely or in good faith, the information on which he acted, whether true or false, is original and material evidence."

In the light of these authorities the evidence offered was competent to show the fact that a threat was communicated, but was not competent to prove that the threat communicated was in fact made.

Judgment reversed and cause remanded, in which all concur.