HENRY GAUSS, SR., ET AL., Respondents, v. HENRY HUSSMANN, SR., ADMINISTRATOR, Appellant.

St. Louis Court of Appeals, May 4, 1886.

| | |
|---|---|
| 22a | 115 |
| 33a | 160 |
| 22 | 115 |
| 43 | 166 |
| 22 | 115 |
| 111m | 194 |
| 53 | 239 |
| 22 | 115 |
| 59 | 660 |
| 22 | 115 |
| 62 | 681 |
| 22 | 115 |
| 71 | 122 |
| 22 | 115 |
| 80 | 100 |
| 22 | 115 |
| 81 | 538 |

1. MECHANIC'S LIENS—MINGLING ITEMS OF ACCOUNT.—A lien account which so mingles items for which the law gives no lien with those for which a lien may be had that they can not be separated upon a mere inspection of the account, is void.

2. —— CONTRACTS—DEATH OF ONE PARTY.—A building contract ends upon the contractor's death; and a sub-contractor and material men have no lien for work, and materials done and furnished thereafter under the contract.

3. —— The lien account of a sub-contractor must be filed within four months after the last item, for which the law gives him a lien, accrued.

4. PRACTICE—ABATEMENT—REVIVOR—RE-SUBMISSION.—It is irregular to render judgment against an administrator of a defendant, who died after the submission of the cause, without a re-submission of the cause by the new parties.

5. —— MECHANIC'S LIENS—APPELLATE PRACTICE—JUDGMENTS.—A personal judgment against a principal contractor is not void because of the rendition of a judgment against him and the administrator of the owner without a re-submission of the cause which had been submitted at the time of the owner's death, and where, on other grounds, there is no lien, but the judgment will be severed, the personal judgment will be affirmed and the lien judgment reversed.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded with directions.*

W. B. THOMPSON, for the appellant: At the date of the death of Hussmann, very little of the materials were delivered, and after that date the defendant became administrator, and no one was authorized to perform, or did perform, his contract, and

such contract was ended by his death. Wharton on Contracts, sects. 322-326, and note, and sect. 714; *Allen v. Frumet Mining Co.*, 73 Mo. 688; Phillips on Mechanics' Liens, sect. 62. The petition in this case contains no cause of action against the defendant Rodemann, and there was no evidence of the ownership of Rodemann in the premises, except oral statements of witnesses, whose testimony was incompetent, and the petition fails to set forth, as the basis of the action, any account or contract, as required by law, or the statutory averments essential to protect the lien. *Peck v. Bridwell*, 6 Mo. App. 453; *Lowis v. Cutter*, 6 Mo. App. 55; *McWilliams v. Allan*, 45 Mo. 573; *Jodd v. Duncan*, 9 Mo. App. 422; *Fay v. Adams*, 8 Mo. App. 566. In this last case the petition did not show sufficient facts, and it was held that the lien filed with the petition did not show the facts. It is also held that such a defect can not be cured by a verdict. *Heinrich v. Carondelet Gymnastic Society*, 8 Mo. App. 588; *Codling v. Nast*, 8 Mo. App. 573; *Kling v. Railway Construction Co.*, 7 Mo. App. 410. There is no evidence to show any delivery of the items named in lien A or lien B; the proof is silent as to the identity of items. The items delivered under lien B could not continue the lien under lien A. *Peck v. Richardson*, 2 Mo. App. 600; *Edgar v. Salisbury*, 14 Mo. 271; *Fitzgerald v. Thomas*, 61 Mo. 499; *Allen v. Frumet Mining Co.*, 73 Mo. 693.

LAUGHLIN & TAYLOR, for the respondents: It is not the contract, but the doing of work, and the furnishing of materials, which gives the lien right. *Fitzgerald v. Thomas*, 61 Mo. 499.

THOMPSON, J., delivered the opinion of the court.

This action is brought by the plaintiffs as sub-contractors to enforce a mechanic's lien against a building erected for Henry Rodemann, who died pending the action, under a contract between Rodemann and Henry Hussmann, Jr. The petition contains two counts: The

first for certain material furnished to the building by the plaintiffs, under a specific contract between them and Hussmann, Jr. The second for a bill of extra materials furnished by them to the building at the special instance and request of Hussmannn, Jr., the principal contractor. For each of these two classes of materials a separate claim of lien was filed. The account, which is embodied in each of these claims of lien, states that the articles were furnished between the third day of October and the twenty-eighth day of December, 1882. It appears that Hussmann, Jr., the principal contractor, died on the twenty-fourth day of November, 1882, while his contract with Rodemann, the owner of the property, was in process of execution, and that a portion of the materials embraced in each claim of lien, was furnished to the building before his death, and a portion after his death. After his death no attempt was made by his administrator to perform the contract, but the mechanics who were at work under him, on the building, went on and completed it, and were paid by Rodemann. The plaintiffs, it seems, continued to deliver materials to the buildings as before, and the dray tickets were signed by some of the mechanics at work on the building.

The case was tried by the court without a jury. The court gave, among others, the following declaration of law: "The court finds that part of the materials furnished were delivered before the death of Hussmann, and as to them, finds in plaintiffs' favor, on first count, for $394.46, and on second count for $41.83, and of lien for said amounts respectively against property described."

The defendant requested the following declaration of law, which was refused: "The court declares the law to be that the lien alleged to have been filed by plaintiffs is invalid, unless the court, sitting as a jury, shall find, from the evidence, that the same was filed |within four months after the delivery of the last item of the account on which the same is based; and that such last item was

delivered to the contractor Hussmann before his death, and within four months next before the filing of said lien; or unless the court shall find from the evidence that, in case it shall find that said last item was furnished after the death of said Hussmann, and within four months next before the filing of said lien; that the said material was delivered to the legal representatives of the said Hussmann, and that the said legal representatives accepted the same as delivered under the alleged contract between the plaintiff and said Hussmann, or ratified such delivery as under such contract."

The office of instructions, in cases tried by the court without a jury, is not to indicate the views of the court as to the facts, but its views as to the law. The first of the above instructions may, however, be regarded as showing that the court took the view of the law that the claim of lien was valid as to so much of the articles as the plaintiffs could show by evidence were delivered by them to the building, prior to the death of Hussmann, Jr., the principal contractor. This was certainly a very erroneous view. Where, in the account filed with a mechanic's lien, there is a mingling together of articles for which the law gives a lien, and articles for which it gives no lien, so that they can not be separated upon a mere inspection of the account, the whole is void; since the owner is entitled to know just how much of the account is chargeable upon his property as a lien, so that he may protect his property by paying the same. This is the principle upon which several cases in the supreme court, and in this court, have been decided. *Nelson v. Withrow*, 14 Mo. App. 270, 277, and cases cited; *Murphy v. Murphy*, 21 Mo. App. 680.

A contract to render personal services is necessarily of such a character that if, before its completion, the party who has undertaken to render services, dies, the contract is at an end. If a contract to erect a building could, under any circumstances, be completed by the

administrator of the contractor, in case of his death pending its execution, there is here no pretense that the administrator of Hussmann, Jr., ever made any attempt to complete this contract, or ever had anything to do with it. As the claim of lien, set up in each count of the petition, is the claim of sub-concontractors for materials furnished by them to be used in the erection of the building, under a contract between them and the principal contractors, and as their lien is claimed under and by virtue of the contract subsisting between the principal contractor and the owner, it follows that they had no lien, as claimed, for anything furnished by them to be used in the erection of the building after the death of the principal contractor. It appears, moreover, that the accounts filed with the lien claims embraced items for which, if the claims had been filed in time, the law would have given a lien, and items for which the law gave no lien, mingled together so as to be incapable of separation by anything appearing on the face of the accounts, or statements of claim. This rendered the whole void, and for this reason the plaintiffs have no mechanic's lien against the property.

But the circuit court, it is perceived, undertook to separate the items which were furnished before the death of Hussmann, Jr., from those which were furnished after his death, and to give the plaintiffs a lien for the value of the former items. This could not be done for still another reason : Hussmann, Jr., died on the twenty-fourth day of November, 1882. The statute (sect. 3176, Rev. Stat.) requires the "sub-contractor's claim of lien to be filed within four months after the indebtedness shall have accrued." The indebtedness for which the court gave the plaintiffs a lien, could not have accrued later than the death of Hussmann, Jr., but the claim of lien in each case was filed more than four months after that date. It was, therefore, filed too late, and for this additional reason the plaintiffs have no lien. " It is essential to the validity of a mechanic's lien that it should be

filed within a stated period after the date of the last item of the account; and when the materials or labor had been furnished under distinct contracts, it is necessary that the lien should be filed under each contract within the time limited." *Allen v. Frumet Mining Co.,* 73 Mo. 688, 693; *Livermore v. Wright,* 33 Mo. 31.

It remains to consider whether the judgment of the circuit court can be allowed to stand, in so much as it is a judgment against the estate of Henry Hussmann, Jr., the principal contractor, in the hands of his administrator, who is a party defendant. We are of opinion that it can. After the cause had been heard and submitted to the court, sitting as a jury, and taken under advisement by the court, the defendant, Henry Rodemann, died. His death was suggested; a *scire facias* was issued to his administratrix and his heirs to show cause why the action should not be revived against them. The administratrix appeared and moved to quash the order to show cause, and the heirs appeared by a guardian *ad litem,* and filed a pleading containing the following recital: "And for answer to the order to show cause in the above entitled cause, says that he denies each and every allegation of plaintiffs' petition, and prays judgment to be dismissed hence with his costs." The court, without setting aside the submission, or without any re-trial of the cause, continued it under advisement for an additional space of time, and then proceeded to render judgment against the administratrix by default, and against the heirs as though there had been a re-submission of the cause by them. The defendants moved in arrest of judgment, on the ground that the judgment had been rendered without a trial, and without any evidence being heard in the cause against the parties who were ordered to be brought in by the *scire facias.* It thus appears that the judgment was rendered without any trial between those who were parties to the record at the time when it was rendered. This, we think, was an irregularity of which the heirs and

administratrix of Rodemann might complain, unless the state of the case is such that they are to be deemed to have waived another trial, and to have consented that the cause remain in the hands of the court upon the prior submission. We can see nothing in the record which can properly be construed as such a waiver and consent. It is not for the defendant to move for trial. He stands on the defensive, where his answer is a general denial, or where he does not answer at all, and waits for the plaintiff to make out his case. The death of the defendant Rodemann, and the revivor against the new parties, *ipso facto*, vacated the former submission, so far as Rodemann was concerned, and it was for the plaintiffs to move to have the cause re-tried. They could not demand that the court proceed to judgment without a new trial and submission, giving to the new defendants the opportunity of being heard; nor had the court power so to proceed to judgment. But, as the only object of the proceeding as against Rodemann first, and afterwards against his legal representatives, was to enforce a supposed mechanic's lien against the property, and as we hold that no such lien exists, this irreglarity does not necessarily afford ground for reversing the judgment as against Hussmann's administrator. The evidence amply supports this part of the judgment, and would probably have supported a judgment for a larger sum.

The judgment will be reversed and the cause remanded, with directions to the circuit court to enter judgment in favor of the heirs and administrators of Rodemann, on the issue in respect of the mechanic's lien, and to enter a judgment in favor of the plaintiffs, and against Hussmann's administrator, in the same sum as heretofore. It is so ordered. All the judges concur.