JOHN MACKLER *et al.*, Respondent, v. THE MISSISSIPPI
RIVER & BONNE TERRE RAILROAD COMPANY,
Appellant.

St. Louis Court of Appeals, May 21, 1895.

1. **Railroads:** LIENS: PARTIES. The owner of a railroad contracted
for work on it, and, after this work had been performed, leased the
road for a term of years. The mechanic subsequently filed a lien
against the road, and sought to subject thereto the entire title to the
road; but, while he joined the lessee as a party defendant to his
action for the enforcement of the lien, he failed to make the owner
a party. *Held*, that the owner was an indispensable party defendant
under these facts.

2. ———: ———: BLENDING OF ITEMS IN LIEN ACCOUNT. The insep-
arable blending of lienable and nonlienable claims in a mechanic's
lien account is fatal to the enforcement of the lien.

3. ———: CONTRACTS FOR WORK: ESTIMATES OF ENGINEER. When a
contract for work on a railroad provides that payments by the rail-
way company shall be made on estimates by its engineer in charge of
the work, such estimates are conclusive as to the amount payable
unless they are infected with fraud, gross error or mistake.

*Appeal from the Scott Circuit Court.*—HON. HENRY C.
RILEY, Judge.

REVERSED.

*Martin L. Clardy, W. H. H. Thomas, Wm. Carter*
and *Weber* for appellant.

*J. J. Russell* for respondent.

BOND, J.—Plaintiffs allege that Charles Pardesky
contracted with the St. Joseph Lead Company for the
construction of a railroad belonging to the defendant;
that, in the making of said contract, said St. Joseph
Lead Company acted as agent or trustee of defendant;

that plaintiffs, under a contract with said Pardesky, performed work and labor in constructing said railroad from the ninth of January, 1889, to the fifteenth of April, 1889; that this work was done in constructing that part of the roadbed of said railroad between station 639, plus fifty, and station 687, plus sixty; and that the work so done, at the price agreed upon, aggregated $9,340.18, upon which a credit is admitted of $7,097.84, leaving a balance claimed of $2,242.34. Plaintiffs also allege that within ninety days after the completion of said work, to wit, twelfth day of August, 1889, plaintiffs filed a just and true account of money due them, after deducting all credits, in the clerk's office of the circuit court of Jefferson county (through which said railroad passes), setting forth therein the statements prescribed by law in such cases, and on the same day served a copy thereof upon defendant. Wherefore, a lien is prayed for the balance due upon said railroad and its appurtenances, with a decree for sale to satisfy said lien.

The answer averred that the St. Joseph Lead Company, and not the defendant, was the owner of said railroad, wherefore there was a defect of parties in this action; that said St. Joseph Lead Company had paid the original contractor, Pardesky, for all the work mentioned in plaintiffs petition, and he in turn had paid the plaintiffs in full therefor; and that such payments were made in accordance with the estimates and classification of the work made by the chief engineer of said St. Joseph Lead Company, as had been agreed in their contract with Pardesky as well as in the contract between Pardesky and the plaintiff. The reply denied all the averments of the answer, and alleged that defendant was the owner of said railroad. The evidence tended to show that plaintiffs did work on two separate portions of a railroad constructed in 1889 by

the St. Joseph Lead Company; that the work thus done was a mile apart; and that the work done at one place was under an assignment to plaintiffs of a contract held by one Crimmen; and the work done at the other place was under a contract with Pardesky for construction between stations 640 and 687. The lien claimed is for work done under the latter, which is described in the lien and petition as work done between stations 639, plus fifty, and 687, plus sixty. The evidence of Southard, employed by plaintiffs to measure and compute the value of all their work, tends to show the amount of the work done under the Crimmen contract and also the amount of the work done by plaintiffs between stations 639, plus fifty, and 687, plus sixty, and the aggregate value of the whole as $16,112.51. Plaintiffs gave no evidence showing the measurements and value of the work done by them between the stations called for in their contract, to wit, 640 and 687, but arrived at the amount sued for by subtracting from Southard's figures the sum paid them on the estimates of the engineer in charge of the work after its completion.

In the application of this payment they credited the Crimmen contract with full payment, so as to make the deficit fall upon the contract made with Pardesky. All of the work done by plaintiffs was completed on the fifteenth of April, 1889. It is conceded that all the contracts for construction of the railroad were let by the St. Joseph Lead Company, a mining corporation, which then had, and now has, the title to the entire roadbed and rolling stock and appurtenances, and which, in November, 1889, leased the same for ten years to the defendant. It is also conceded that the St. Joseph Lead Company paid Pardesky the full sum due him for all the work, and that he paid the plaintiffs all that was due them according to the estimates of the

engineer in charge of the work (furnished to plaintiffs), when it was completed. The contract between plaintiffs and Pardesky was dated February 5, 1889, and provided for the performance by plaintiffs of the construction work between stations 640 and 687 "on the line of the St. Joe extension, where said line is surveyed and located; the same to be done in accordance with and under the directions of the chief engineer of the St. Joe Lead Company." It also prescribes the amount to be paid for the work so performed upon its acceptance by said engineer, and provides that such "payments be made on the estimates of said engineer, less ten per cent. as follows, specifying time and mode of payments." As to this contract plaintiff Mackler testified, to wit: "In my contract it specifies that the chief engineer is to make the estimates. This has been the case with every contract made with a railroad company." The jury returned a verdict for plaintiffs for $2,791.79, whereupon a remittitur of $292 was made and judgment rendered for $2,499.79, which the court adjudged a lien on the railroad described in plaintiffs' petition, and ordered the sale of so much thereof as would be necessary to pay said judgment, interest and costs, and a special execution to enforce the same, from which defendant appealed.

Under the conceded facts in this case the St. Joseph Lead Company, the owner of the record title to the entire railroad described in plaintiffs' petition, was an indispensable party. The proceeding herein was not aimed at the interest of the defendant as lessee, but sought to charge the title of the property described with a lien. The judgment in terms directs a sale of the property. The work for which the lien is claimed was performed prior to the acquisition by defendant as lessee of any interest in the property. Hence, it was necessary, to validate this proceeding, that the owner

of the railroad should be made a party defendant, and this is specially required by statute. Revised Statutes, 1889, section 6747.

The next assignment of error is that, in the absence of any charge of fraud in the petition, the estimates of the engineer in charge of the work done by plaintiffs were conclusive. That plaintiffs were paid in full for all the work done by them according to the estimates furnished by the engineer in charge of the work, is shown by all the evidence. Their contract for doing the work expressly provides that the pay therefor shall be made upon such estimates. As there is no evidence that such estimates were infected with fraud, gross errors or mistake, they are to be held conclusive. *Williams v. Railroad*, 112 Mo. 463; *Chapman v. Railroad*, 114 Mo. 542; *Howard County v. Baker*, 119 Mo. 397. This conclusion necessitates a reversal of this case.

The same result would be reached from a consideration of the failure of plaintiffs to distinguish in their proof between the work done on sections 640 to 687, for which alone they could claim a lien, and that done on the additional one hundred feet outside of these sections, for which no lien could exist. It has been repeatedly held by the appellate courts of this state that the inseparable blending of lienable and nonlienable claims is fatal to the enforcement of an account embracing such demands as a mechanic's lien. *O'Connor v. The Current River Railway Co.*, 111 Mo. *loc. cit.* 194; *Gauss v. Hussman*, 22 Mo. App. 115; *Schulenberg & Boeckler Lumber Co. v. Strimple*, 33 Mo. App. 154.

These conclusions involve the reversal of the present judgment. It is so ordered. All concur.