EAU CLAIRE--ST. LOUIS LUMBER COMPANY, Appellant, v. L. B. WRIGHT et al., Respondents.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Mechanic's Lien:** CONFLICT OF EVIDENCE: NON-LIENABLE ITEMS. When plaintiff admits that some of the items embraced in his account are non-lienable, and attempts to segregate such items therefrom, and the trial court finds against him, this court will not disturb such finding, unless it is manifest from substantial evidence, that error had been committed.

2. ———: TO INVALIDATE LIEN PAPERS: NON-LIENABLE ITEMS, REPUG- NANT. Non-lienable items mingled in the account may, if consistent with the lienable items, be at the trial omitted, and not destroy the lien, but otherwise, if repugnant in spirit to the lienable items of the account.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Rudolph Schulenburg* for appellant.

(1) Plaintiff's lien is not invalidated by the fact that the lien account for $304.04 included charges for lumber amounting to $42.20, of which the evidence showed that it was not used in the construction of the building, and for which plaintiff offered to give credit. The lumber sued for was all ordered by defendants, Wright & Kauffman for the building,

under their contracts with defendant Fair Shoe and Clothing Company. It was all sent to the building and received at the same, and plaintiff, with good ground, believed that it had been, or was to be, used for the building. That portion of the lumber which was not used on the building could be, and was, segregated at the trial. There is no evidence of fraud or willful overcharge on the part of plaintiff. The items of lumber were all lienable articles if they had been used on the building, and under the uniform decisions of this state, the lien is valid as to that portion of lumber which did go into the building. Johnson v. Building Co., 23 Mo. App. 549; Fuller v. Hoffman, 28 Mo. App. 671; Schroeder v. Mueller, 33 Mo. App. 28; Schulenburg v. Strimple, 33 Mo. App. 154; Allen v. Mining Co., 73 Mo. 688; Hughes v. Ittner, 133 Mo. 679; Western Brass M. Co. v. Mepham, 64 Mo. App. 50; Midland Lumber Co. v. Kroeger, 52 Mo. App. 41

*David Goldsmith* for respondent.

The admissions of the plaintiff are sufficient, in themselves, to defeat the claim of lien; for plaintiff concedes that material amounting to $42.20 in the aggregate did not go into the building, and there is no denial, or room to deny, that this material is so commingled with the rest that the two can not be separated upon the face and on a mere inspection of the lien account. The law is well settled that this blending of lienable and non-lienable items is fatal to the lien; the separation of these items by evidence at the trial will not avail. Nelson v. Withrow, 14 Mo. App. 270; Gauss v. Hussmann, 22 Mo. App. 115; O'Brien Boiler Works Co. v. Haydock, 59 Mo. App. 653; Mackler v. Railroad, 62 Mo. App. 677.

BIGGS, J.—The Fair Shoe and Clothing Company, the respondent herein, is the owner of a leasehold on certain lots on Franklin avenue. The lease expires in 1921. The company erected a business house on the lots, and under the terms of

the lease it had the privilege of removing the structure at the termination of the lease.    L. B. Wright and C. H. Kauffman are builders.    The shoe company entered into a contract with them for certain improvements to be made on and connected with the building, to wit, "to furnish complete and put in place all the shelving and counters and remodeling all shelving, tables, offices, dressing rooms, cloak show cases and millinery show cases, as shown upon plans and specifications * * * also to build a stairway in the building from the first floor in the basement and to put up certain show windows on the east front of the building."    Subsequently another agreement was entered into for a floor and partition in the basement of the building.    Wright and Kauffman purchased of plaintiff a portion of the lumber to make the improvements. They failed to pay for it and the plaintiff within the time prescribed filed its mechanic's lien on the house and leasehold interest.    The present action is against Wright and Kauffman on the debt and to enforce the lien against the property. Wright and Kauffman failed to answer.    The shoe company made a general denial.    At the close of plaintiff's evidence the circuit court instructed the jury to return a verdict against Wright and Kauffman for the debt as shown by the evidence, and it also instructed that under the pleadings and evidence the plaintiff was not entitled to a mechanic's lien.    The plaintiff has appealed from the judgment as to the lien.

The shoe company objected to the introduction in evidence of the lien paper, upon the ground that it was not a just and true account, in that it included non-lienable items which could not be segregated by an inspection of the account itself.    This objection was overruled and rightly so as we will hereafter attempt to show.

The plaintiff admitted that certain items of lumber embraced in the account and hereinafter referred to, were not used in making improvements or fixtures for the house, and against the objection of the shoe company the circuit court

permitted the plaintiff to attempt to segregate the items by parol proof. The foregoing objection was properly overruled. The decisions in this state which hold that the blending of lienable and non-lienable items is fatal to the lien, unless the items can be segregated by the mere inspection of the lien, are not applicable. Nelson v. Withrow, 14 Mo. App. 270; Gauss v. Hussmann, 22 Mo. App. 115; Obrien v. Haydock, 59 Mo. App. 653; Mackler v. Railroad, 62 Mo. App. 677. These cases apply only where the mechanic or materialman knew that under no circumstances could the objectionable charge sustain a lien. Thus in Nelson v. Withrow, *supra*, the charge was a lumping one, and was "for doing and superintending the work," it being clear that a charge for superintending the construction of a building is a non-lienable item. But in the case at bar all the lumber was furnished for improvements on and work to be done about the building. All of the material could have been used for making permanent improvements on the building, which would have entitled plaintiff to a lien therefor. Before filing the lien we do not think that the plaintiff was bound to inquire the extent to which the materials had been so used. However, it would have relieved the case of complications if it had done so. Having ascertained at the trial that only a portion of the lumber had been used in the construction of fixtures for the house, the plaintiff offered to give credit for the supposed price of the lumber which had not been so used, and it attempted to show by the testimony of one of the contractors that the credits were correct. If plaintiff had been successful in this, that is if the contractor had given substantial testimony on the subject, it would have been the duty of the court to submit the case to the jury. We have read the testimony of the witness and we find that his statements are too indefinite to form the basis of a judgment. They lead to no definite result. The witness fails to show the amount or value of the lumber not used in making permanent improvements on the building,

but it does not appear from his testimony in some instances that it was greater than plaintiff offered to credit. Under this state of the proof we think that the circuit court was justified in ruling against the lien.

Other questions are presented in the briefs, which we need not notice. The judgment of the circuit court will be affirmed. All concur; Judge *Bond* in the result.