JOHN H. LYONS et al., Appellants, v. MILO S. CAR-TER et al., Respondents.

**St. Louis Court of Appeals, May 8, 1900.**

1. **Lien Against Railroad Company: PARTIES TO ACTION: JUDGMENT.** The lien to be established against a railroad company must be against the whole road, and not against any separate part or interest in the road, and as the entire property is to be affected by the lien, the owner is an essential party defendant to make the judgment effectual.

2. ———: ———: ———: **PLEADING AND PRACTICE.** The omission of the lessee of a railroad as a party merely renders the lien nugatory as to its rights under the lease, but does not prevent the establishment of a lien—for what it may be worth—against the interest of the owner of the road.

3. ———: ———: ———: **INSTRUCTION: PRACTICE, TRIAL.** Where an instruction is not based on any evidence whatever, it should not be given, although as a naked declaration of law it may be correct.

4. **Lien: ACCOUNT: STATUTORY CONSTRUCTION: EVIDENCE: PRACTICE, TRIAL.** In the case at bar there are no articles embraced in the account that are nonlienable under the statute; and the item of $28.05 for hauling, January 31, 1899, was correctly excluded by the correct form of the lien account, as the work was done after the lien account had been sworn to and filed.

Appeal from the Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Frank E. Burrough* for appellant

(1)   If for any reason an account contains lienable and nonlienable items, general payments thereon, without indicating to which items or which part of the account they shall apply, will be applied by the court to the nonlienable or least secure item.   And this is the rule in other actions than liens—is a universal rule.   Field v. Holland, 6 Cranch 8-29; 1 Am. Law Cases, 292-296; Poulson v. Collier, 18 Mo. App. 583; Goetz v. Piel, 26 Mo. App. 634; Price v. Merritt, 55 Mo. App. 640; Ridge v. Mercantile Co., 56 Mo. App. 155; Beck v. Haas, 111 Mo. 265.   (2)   Defendants' second instruction should have been refused.   There is not a word of testimony "that a part of said materials were furnished by Lyons, and subsequently Harty became a partner with Lyons."   Instructions should be bottomed on the evidence.   Authorities numerous and unnecessary to cite.   (3)   Defendants' fifth instruction should have been refused, for two reasons:   (a)   If nonlienable, still it can be paid for, by the court applying payment thereon, under the rule under point I, as there was piling delivered worth $8,327.68; not used on the road $480, leaving balance used $7,847.68.   (b)   It is lienable.   It was delivered once where required.   Removed by reason of company's change of plan.   Shall the road say it is nonlienable because "drayage" does not go into a road?   It does.   And does so in every case, either as cost figured in value of material or as drayage and freight.   Certainly piling where wanted is worth more than 100 miles away.   Gunpowder is lienable, when used for blasting a railroad.   Rapanno Co. v. Railroad, 59 Mo. App. 6.   Freight is lienable.   Price v. Merritt, 55 Mo. App. 640.   Commissions are lienable.   Price v. Merritt, 55 Mo. App. 640.   (4)   Instruction number one for plaintiff should have been given,   and instruction num-

ber one of defendant should have been refused. The St. Louis Southern Railway Co. was not an indispensable party. Mackler v. Railroad, 62 Mo. App. 677; R. S. 1889, sec. 6447.

*W. H. Miller* for respondent.

(1) The St. Louis Southwestern Railway Company was a necessary party defendant in this case, and if so, and there were errors committed on the trial, they were necessarily harmless. R. S. 1899, sec. 4245; R. S. 1889, sec. 6745; Mackler v. Railroad, 62 Mo. App. 677. (2) The lease was filed in the manner and in the office by the law required. R. S. 1899, sections 1059, 1060. (3) The agreement to forego the lien was upon a sufficient consideration, and was, if made, binding. Mason v. Goss, 62 Mo. App. 452; Iseman v. Fugate, 36 Mo. App. 166. (4) The contract (conceded) was with Lyons. The suit is by Lyons & Harty. This can not be. Dugan v. Higgs, 43 Mo. App. 166; Allen v. Smelting Co., 73 Mo. 688; Kearny v. Wurdeman, 33 Mo. App. 447. (5) Under the facts in this case the doctrine of the application of payments is inapplicable, the last payment having been made by Johnston Bros. & Faught under an express agreement that no lien would be filed on account of other indebtedness, if any be found to be owing by Carter & Co. to Lyons.

BLAND, P. J.—M. S. Carter & Company contracted to build all bridges, houses and an incline in the construction of the Gray's Point Terminal Railroad running from Delta in Cape Girardeau county to Gray's Point, Missouri. The appellants, through Lyons, contracted with Carter & Company to furnish all the piling necessary to be used in the construction of bridges and incline for the road. After filling their contract the appellants filed the following ac-

count as the basis of a lien against the road, except the last item of $28.05. to wit:

"Cape Girardeau, Mo., November 12, 1898.
"M. S. Carter & Co. to Harty & Lyons, Dr.

For piling furnished the Gray's Point Terminal Railroad:

| | | |
|---|---:|---:|
| Feb. 1, 1898. To 17740 lin. feet hewed cypress piling at 16 cents per foot ................ .... .. ..$2,838 40 | | |
| April 30, 1898. To 33988 lin. feet oak piling at 16 cents per foot | 5,438 08 | |
| Oct. 11, 1898. To 320 lin. feet oak at 16 cents .... .... .. | 51 20 | |
| Jan. 31, 1899. To hauling .. .. · | 28 05 | |
| By cash ...... .. .... .... | | $7,900 00 |
| Balance due .. .. .. ...... | | 455 73 |
| | $8,355 73 | $8,355 73" |

In due time appellants brought this suit to establish and enforce their lien against the railroad and for personal judgment against M. S. Carter & Company. The petition is in proper form and is unobjectionable.

The answer of the railroad was: First a general denial; second, a defect of parties defendant; third, a waiver of lien privilege, if any appellants had; fourth, a plea of payment; fifth, that the lien was filed out of time.

The lien paper was filed November 12, 1898, and within four months from the date of the last item of the account, and was therefore filed in time. The suit was begun February 2, 1899. On November 5, 1898, the Gray's Point Railroad Company leased for a period of fifty years all of its property to the St. Louis Southwestern Railway Company. This lease was duly recorded in the office of the Secretary of State, but was not recorded in the recorder's office of any county through which the railway runs. The evidence for appellants tended to prove that the balance

of $455.73 claimed by them to be due was correct. On the part of defendants the evidence tended to prove that appellants had been overpaid by Carter & Company. It was in proof that about 3,000 linear feet of piling furnished by appellants was not used in the construction of the road. The payments made by Carter & Company were applied on general account, and not on any particular order or orders given by them to appellants for piling, or on any special delivery made by them. The contract for the piling was made with Lyons only. Harty was not known in the transaction. All orders were given to Lyons; all payments were made to him, and the entire transaction by Carter & Company was with Lyons only, and it was not known that Harty had any interest in the contract, or that he was in any wise connected with Lyons in filling the contract, until this suit was brought.

The court, sitting as a jury, rendered judgment against Carter & Company in favor of appellants for the balance claimed to be due, but denied the lien, and on this branch of the case gave judgment for the defendant railroad company.

1. By an instruction the court declared the law to be, that the St. Louis & Southwestern Railroad Company was a necessary party defendant. The giving of this declaration of law is one of the assignments of error made by appellants. Section 6747, Revised Statutes 1889, provides: "Any person or corporation owning or operating the railroad to which said liens may apply shall, in each instance, be made a party defendant in all suits for enforcing said liens." * * * * * In Mackler v. Railroad, 62 Mo. App. 677, a case in which the lessee of a railroad was made a party defendant to enforce a lien against the road, but the owner was omitted, it was held by this court that the owner was an indispensable party defendant. The lien to be established must be against the whole road, and not against

any separate part or interest in the road, and as the entire
property is to be affected by the lien, the owner is an essen-
tial party defendant to make the judgment effectual. Knapp
v. Railroad, 74 Mo. 374. The St. Louis and Southwestern
Railroad Company was not the owner of the road, and did
not become a lessee until after the material was all fur-
nished and the appellant's right to file their lien had accrued,
nor until after notice of their intention to file the lien had
been given to the owner of the road. Hence it does not pre-
sent a case strictly within the letter of the above statute,
which contemplates the joinder of all persons owning or
operating the road at the time of the accrual of the lien,
and is thereby clearly distinguishable from the decision of
this court in 62 Mo. App. *supra.* We therefore conclude
that the omission of the lessee as a party merely renders the
lien nugatory as to its rights under the lease, but does not
prevent the establishment of a lien—for what it may be
worth—against the interest of the owner of the road, and
this seems to be the ruling of the supreme court in 76 Mo.
161.

2. The court instructed the jury in effect that if Lyons
made the contract with Carter & Company, and that a
part of the material was furnished by Lyons and subsequently
Harty became a partner with Lyons in providing any part
of the material sued for, the lien for the whole of the material
could not be enforced by Lyons and Harty. As a naked
declaration of law the instruction is correct, but it should
not have been given in this case, as there is not a ray of tes-
timony to support it. The only testimony on this point is
that of Lyons, who swore that before he made the contract,
he and Harty agreed, if the contract could be secured, they
would go together and fill it, and that all the material was
furnished by the partnership of Lyons and Harty.

3. Appellants complain of the fourth declaration
of law given for respondents, which declares that appellants

were not entitled to a lien for any material furnished which did not enter into the construction of the road, and that the burden was on them to show that all or some part of the material listed in the account entered into the construction, and to show what part was not used, and that if they had not done so, the findings should be for the defendant railway company. It is conceded that about 3,000 linear feet of piling was furnished which was not used. Appellants' contention is, that as all the payments were made on general account for piling, it was the duty of the court to apply the payments to the extinguishment of the nonlienable item, that is to payment for piling not used, and thus secure to appellants a lien for the balance due on all the piling furnished. The rule is, that where a creditor holds several claims against his debtor, and the latter makes a payment without giving directions as to its application, the creditor may make the application; if neither the creditor nor debtor makes the application, the law will apply it to the debt which first accrues, unless justice and equity demand a different application. Beck v. Haas, 111 Mo. loc. cit. 268. And the law in such circumstances will apply the payment to the debt whose security is most precarious. Poulson v. Collier, 18 Mo. App. loc. cit. 608. Or, where one is secured and the other unsecured, the law will apply the payment to the unsecured debt. Goetz v. Piel, 26 Mo. App. 634; Price v. Merritt, 55 Mo. App. 640. In the latter case it was held that where an account contained lienable and nonlienable items under the mechanics' lien law, the court in a suit to enforce a mechanics' lien properly applied the unapplied payments to the payment of the nonlienable items. There are no separate and distinct debts or accounts between appellants and Carter & Company; there is but one general running account. There are no articles embraced in the account that are nonlienable under the statute, and hence there is no occasion to invoke the rule asked for by appel-

lants. The account or debt is all for lienable articles had they all been used, and there is but one account to which payments can be applied, unless we arbitrarily segregate from the general account the piling furnished but not used in the construction of the road from that which was used. We do not think that this should be done. To do so seems to us would be a gross injustice to the owners of the road. The item for $28.05 for hauling January 31, 1899, was correctly excluded by the court from the lien account as the work was done after the lien account had been sworn to and filed.

For error in giving instructions numbers 1 and 4 for respondents, the judgment is reversed and the cause remanded. Judge *Bond* concurs; Judge *Biggs* absent.