KITTRELL, Respondent, v. HOPKINS, Appellant.

St. Louis Court of Appeals, October 31, 1905.

1. MECHANICS' LIENS: Non-Lienable Items. Where non-lienable items are included in a mechanics' lien account filed in the office of the clerk of the circuit court, if they can be easily segregated from the lienable items and if the lienor did not know at the time he filed the account that he included in it the non-lienable items, the inclusion of such items will not defeat the lien.

2. ———: Several Contracts: Separate Buildings on Same Lot. Where two buildings were erected on the same lot under different contracts between the same parties, the contractor could include the items of labor and material furnished under both contracts in one lien statement, provided such amounts are separately stated.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

From the order of the court sustaining a motion filed by plaintiff to set aside a voluntary nonsuit, the defendant appealed.

AFFIRMED.

*Stephen C. Rogers* for appellant.

(1) The lien paper filed by plaintiff, and upon which this action is bottomed, wholly fails to comply with the requirements of the law. It must state all the items, so as to be able to determine therefrom if same

are lienable. Mitchell Planing Mill Co. v. Allison, 138 Mo. 56; Lumber Co. v. Nelson & Haydel, 71 Mo. App. 122; Cahill, Collins & Co. v. Orphan School, 63 Mo. App. 28; Reitz v. Ghio, 47 Mo. App. 287; Nelson v. Withrow, 14 Mo. App. 276; Edgar v. Salisbury, 17 Mo. 271; Bruns v. Capstick, 46 Mo. App. 397; Abbott v. Hood, 60 Mo. App. 196; Dallas v. Brown, 60 Mo. App. 493; Dwyer Brick Works v. Flanagan, 87 Mo. App. 348. (2) Materials furnished under distinct contracts cannot be mingled in one account and a lien obtained for the whole. Badger Lumber Co. v. Stepp, 157 Mo. 384; Livermore v. Wright, 33 Mo. 31; O'Connor v. Railroad, 111 Mo. 185; Flanagan v. O'Connell, 88 Mo. App. 1.

*Francis M. Kittrell, pro se,* and *Thomas P. Bashaw* for respondent.

(1) "The rule that the blending of non-lienable items with those which are lienable, unless the items can be segregated by a mere inspection of the lien paper, applies only where the mechanics or materialman knew that under no circumstances could the objectionable items sustain a lien." Eau Clare Lumber Co. v. Wright, 81 Mo. App. 535. (2) "It is sufficient under the statute that there be but one account filed though the material was furnished under more than one contract." Grace v. Nesbit, 109 Mo. 9; Kearney v. Wurdeman, 33 Mo. App. 447. "Where a dwelling was erected under a written contract, and other buildings on the same lot under a parol contract, they were both properly joined in the same notice of lien. The fact that they grew out of separate contracts can have no effect upon its validity, so long as both claims are upon the same property." Fitch v. Baker, 23 Conn. 563. (3) Any other construction would defeat the purpose of the statute, which is highly remedial and should be liberally construed. The decisions of our courts have firmly established this doctrine. Lumber Co. v. Reader, 81 Mo. App. 337; Kick v.

Doerste, 45 Mo. App. 134; Walden v. Robertson, 120 Mo. 38; Deardoff v. Roy, 50 Mo. App. 70; Hill v. Gray, 81 Mo. App. 337; Page v. Betts, 17 Mo. App. 337; Hicks v. Schofield, 121 Mo. 381; Fruin-Bambrick Co. v. Jones, 60 Mo. App. 1.

BLAND, P. J.—For the purpose of preserving his mechanic's lien upon defendant's house and lot, in the city of St. Louis, plaintiff, on February 13, 1904, made out and verified by proper affidavits the following amended declaration, which was duly filed in the office of the circuit clerk in the city of St. Louis:

"Now, at this day comes Francis M. Kittrell, and with a view to avail himself of the benefit of the statutes relating to mechanics' liens, files the account below set forth for work and labor done, and materials furnished by him under and by virtue of contract with George D. Hopkins, upon, to and for the buildings and improvements described as follows, to-wit: one brick house, one story high with basement thereunder, dimension size about thirty-two feet long by fifteen wide, flat roof with gravel combination and interior consisting of three rooms. Also, a one-story frame building of three rooms, under one of which is an excavation or pit in the ground, walled with brick and mortar, floored, cased and seated properly and is being used for a water-closet or privy. Also, a hydrant and all pipe and material thereto belonging, situated on the following described premises, to-wit: Lot fourteen of block one of McDermotts' Willmington place addition and in block twenty-nine hundred and eleven of the city of St. Louis, and State of Missouri, said lot having a frontage of thirty feet on the north line of Filmore street, by a depth northwardly between parallel lines of one hundred and thirteen feet and five and one-eighth inches to an alley; said lot is bounded on the west by an alley, on the north by an alley, on the east by lot fifteen and on the south by Filmore street.

114 app—28

Said premises, buildings and improvements belonging to and being owned by George D. Hopkins, which said account, the same being hereby filed in order that it may constitute a lien upon the buildings, improvements and premises above described, is as follows: One brick house as aforesaid, constructed, built and completed in toto on the twenty-first day of December, 1903; the contract price therefor being in a lump, eight hundred dollars, having received two hundred and fifty dollars from said owner as part payment therefor, there is now due and unpaid the balance of five hundred and fifty dollars.

"Furthermore, there was extra work done in the interior of said brick house as follows: one day by carpenter $4; one day by two plasterers $8; two days one man repairing the plastering $8; total extra work $20; also labor and material furnished in constructing, building and completing in toto the said one-story frame building and closet as follows: August twenty-fourth, one day procuring the building permit and cost thereof $7; August twenty-ninth, surveying lot by surveyor, lump price $12; one day assisting the surveyor $4; August thirty-first, 1,000 feet lumber $20; September third, second and fourth, three carpenters $36; same days one man digging pit for closet and walling with brick $12; 500 brick for walling the closet $4; three pair hinges and three hasps and staples 75 cents; nails $2; tar for roof $1; two rolls tar paper $2.70; tins and tacks for putting on the tar paper 25 cents; September fifth, one man putting on tar roof $4; September eleventh, one man casing and seating the closet $4; aggregating for the said frame building and closet a total of one hundred and nine dollars and seventy cents; September eleventh, city water main tapped and water conveyed by lead pipe onto the lot by hydrant, the labor and material furnished by the plumber in toto was twenty-five dollars; the entire above accounts in the aggregate are seven hundred and four dollars and seventy cents. The entire work done and material furnished as set out herein, was between the

twenty-fourth day of August and the twenty-first day of December, 1903. This lien paper is in lieu and takes the place of a former one between the same parties recorded in the office of the circuit clerk on the eleventh day of January, 1904."

The suit is to enforce the lien.

The evidence shows that the brick house mentioned in the lien paper was built under a written contract for a gross sum, and that the other improvements mentioned in the lien account were constructed under a verbal contract to pay what they were reasonably worth. When plaintiff offered to read the declaration or lien paper in evidence the following occurred:

"Mr. Rogers: I object to the introduction of the second one for the reason that under the lien law of Missouri, where the lien shows that there are two buildings built on the same or contiguous lots, there must be two accounts filed to maintain lien. Furthermore, that the lien account shows that there is a blending of lienable and non-lienable items, and that the materials furnished for the building in the lien shows that they are under distinct contracts, and they cannot be mingled in one account and the lien taken as a whole.

"The Court: That goes to the very question that you have got two contracts for building two separate buildings upon the same lot, and they are merged in the same account, as counsel says, and that cannot be done. You have got to file a separate and distinct lien under each one of your contracts. The objection will be sustained.

"Thereupon defendant offered the following instruction: 'The court instructs you that under the law and the evidence the plaintiff is not entitled to maintain a lien against the defendant's lot of ground.' Which instruction the court gave.

"Thereupon plaintiff took a nonsuit with leave to move to set the same aside."

In due time plaintiff filed his motion to set aside the nonsuit which was sustained by the court, and defendant appealed.

1. The non-lienable items in the lien account are separately stated and can be easily segregated from the lienable ones. In such circumstances, the lien ought not to be defeated unless the lienor understood at the time he filed the lien account that he had included in it the non-lienable items. [Eau Claire-St. Louis Lumber Co. v. Wright, 81 Mo. App. 535; Eau Claire-St. Louis Lumber Co. v. Roeder, Ib. 337.]

2. In support of his contention, that material, etc., furnished under different contracts can not be mingled in one lien account, defendant cites Livermore v. Wright, 33 Mo. 31; O'Connor v. Railroad, 111 Mo. 185, 20 S. W. 16; Badger Lumber Co. v. Knights of Pythias, 157 Mo. l. c. 384, 57 S. W. 1059; Flanagan Bros. v. O'Connell, 88 Mo. App. 1.

In Livermore v. Wright, plaintiffs furnished defendant material for the erection of a dwelling-house and also for a kitchen. The house was built but not the kitchen. The question arose as to whether the materials were furnished under one contract for the whole or under different contracts; if they were furnished under one contract, then the lien was filed in time; if not, it was filed out of time, and the jury were so instructed. The Supreme Court approved the instruction, saying: "If the materials furnished by plaintiffs were so furnished as two separate, distinct acts under two contracts, each of necessity must stand upon its merits and there would have been no lien for those first furnished because the lien was not filed within ninety days thereafter."

In O'Connor v. Railroad, O'Connor claimed a lien for work and labor done on the Current River railroad under two contracts, one with himself and another with Wm. O'Connor & Co., and filed a lien including both accounts, the Wm. O'Connor & Co. account having been assigned to him. The court held that the right to assign liens

for work on railroads, under the statute, was limited to liens that had been filed, and that plaintiff could not sustain his lien on the assigned account but might recover for his individual labor, if there was sufficient data to separate it from the Wm. O'Connor & Co. account.

In Badger Lumber Co. v. Knights of Pythias, Mrs. Lilly was a party defendant. Plaintiff had furnished material under a contract with her for the construction of a two-story house on her lot. She granted permission to the Knights of Pythias to add a third story at their own expense, and plaintiff, under a contract with the Knights of Pythias, furnished material for the construction of the third story and afterwards filed a lien embracing the material furnished under both accounts and sued to enforce it against both Mrs. Lilly and the Knights of Pythias. The court held that this could not be done.

In Flanagan Bros. v. O'Connell, at pages 8 and 9, the Kansas City Court of Appeals stated the general rule as follows: "Where two distinct contracts are *in fact made* as for different parts of the same work, the work done under each contract must be entire of itself. But where work done or materials furnished all go to the same general purpose, as the building of a house or block of houses and buildings appurtenant thereto, though such work done or materials furnished were not contracted for on the same day or at the same time, yet, if they were done and furnished as parts of a general improvement of the property, all of such work and materials may be regarded within the meaning of the mechanic's lien statute as done and furnished under one contract and may be included in one lien account."

We do not think any of these cases hold that it was incompetent for the plaintiff to include in one lien account the account for the work and labor done under the written contract and the account that accrued under the oral contract, as the accounts that accrued under the several contracts were not intermingled but were separ-

ately stated. The liens were separate and distinct. But that is no reason why they might not be stated in the same instrument as both are upon the identical lot, and the parties to both are the same. There is no more reason why plaintiff might not do this than there is that he might not take defendant's separate notes for the several accounts and secure both by a mortgage on the lot. It has been held that it is permissible to embrace in one account, filed as a lien, items for work on the same building under different contracts with the owner. [Kern v. Pfaff, 44 Mo. App. 29; Grace v. Nesbitt, 109 Mo. 9, 18 S. W. 1118.] Why not go one step further and say it is permissible to embrace in one statement of account as a lien, items for work on different buildings on the same lot, constructed under different contracts with the owner, if the amounts due under the several contracts are separately stated.

Fitch v. Baker, 23 Conn. 563, is on all-fours with the case at bar. Fitch erected for defendant, upon a lot of land, a dwelling-house under a written contract, and also other buildings under a parol contract, and afterwards duly filed with the town clerk his certificate of lien upon said buildings and land, describing the several amounts due on said contracts. The court held that both claims were properly embraced in the same certificate, and said: "The incumbrance is like two distinct and independent mortgages upon the same estate. In such case, it is almost the universal practice to bring but one suit for a foreclosure. . . . . To hold that, in such case, two suits would be necessary, would be oppressive upon the debtor."

It seems to us that this is a sound and wholesome doctrine and that it applies with all of its force to the facts in the case at hand, and as there has been no direct adjudication to the contrary in this State, we are disposed to follow the Connecticut case, and hold that it was permissible for the plaintiff to file with the clerk of the circuit court his declaration of lien upon the

building and land, describing separately, as he did, the several amounts due on both contracts and then bring one suit to enforce both lien accounts.

The judgment is affirmed. All concur.