Bust & Son v. Long.

R. BUST & SON, Respondents, v. WILLIAM LONG, Appellant.

### St. Louis Court of Appeals, April 29, 1898.

1. **Account:** CONTINUITY OF WHEN BROKEN: STATUTE OF LIMITA-
TIONS: ASSIGNMENT OF ACCOUNT. The continuity of a running ac-
count is broken when the party or firm with whom it is made dis-
solves business and sells out to another party to whom the account is
transferred.

*Appeal from the Washington Circuit Court.*—HON.
JAMES F. GREEN, Judge.

REVERSED AND REMANDED (*with instructions*).

ANTHONY & EVERSOLE for appellant.

The continuity of the running account was broken
by the dissolution of the original firm of Long & Bust
in April, 1888, and the statute of limitations began to
run against all of the account against defendant which
had accrued at said time. Allen & Co. v. Frumet
Mining & Smelting Co., 73 Mo. 693; Henry v. Mahone,
23 Mo. App. 83. By the practice act a reply is required
when there is in the answer a statement of new matter,
constituting a defense or counterclaim. Sec. 2052,
R. S. Mo. 1889.

DEARING BROTHERS for respondent.

Defendant claims that the continuity of the run-
ning account was broken by the dissolution of the
original firm of Long & Bust, and the transfer of
defendant's account to plaintiffs, R. Bust & Son, and

therefore the statute of limitations had run against all the items charged in said account prior to the dissolution of the firm of Long & Bust.     The continuity of the running account was broken upon the dissolution of the original firm of Long & Bust unless there was a new contract, either expressed or implied, between R. Bust & Son, the plaintiffs, and the defendant to establish a running account between them.     Allen & Co. v. Frumet Mining & Smelting Co., 73 Mo. 693; Henry v. Mahone, 23 Mo. App. 83.

BOND, J.—This suit was brought on the fifteenth of July, 1897, by R. Bust & Son, successors of the firm of Long & Bust, upon an account made with both firms by the defendant.     The petition sets out the items of the account sued upon and alleges that the portion made with plaintiffs' predecessors was transferred to them at defendant's request, and permitted by defendant to continue to run with plaintiffs until the twentieth of October, 1895.     The answer was a general denial and a special plea of the statute of limitations of five years as to all of the items prior to and including April 6, 1888.     It further admitted an indebtedness on the items of account beginning in December, 1892, of $12. No reply was filed, the cause being tried as upon a traverse of the issues tendered by the answer.     Plaintiffs had judgment for $320.47, the full amount of the balance claimed upon the account filed with the petition.

While the whole account in suit is made out in the name of the present firm, the undisputed evidence shows that all of the items previous to 1892, accrued under defendant's dealings with the former firm, with whom he began to trade as far back as 1882.     There is a hiatus in the account on file from April, 1888, until December, 1892, when defendant began to deal with the

new firm, and ran an account until October, 1895, which, if considered alone, would leave a small balance, not over $35, in plaintiffs' favor. The bulk of the account in suit accrued to the old firm, which dissolved in 1888. It is the law that the continuity of a running account is broken when the party or firm with whom it is made dissolves business and sells out to another party to whom the account is transferred. Allen v. Frumet Mining & Smelting Company, 73 Mo. loc. cit. 693; Henry v. Mahone, 23 Mo. App. 83.

CONTINUITY of account: when broken.

Where an account is broken in this manner, it is competent for the debtor to contract with the successor of his creditor that the former account shall be treated as an open account and continue to run as such between the latter parties.

The only question, therefore, in this case is, was there any substantial evidence tending to show that such an agreement was made between plaintiffs and defendant after the dissolution of the firm of Long & Bust? For if no such agreement was made, the plea of the statute of limitations is well taken. A careful examination of the testimony fails to convince us that there is any substantial evidence tending to prove the formation of a new contract between plaintiffs and defendant with reference to the continuity of the old account which was transferred at the time plaintiffs succeeded to the business of Long & Bust. The extent of plaintiffs' evidence on this point goes to show that *one* of the plaintiffs had a promise from defendant that he would pay the "old account" to that particular plaintiff, and in this connection it is well to note that Long, the retiring member of the old firm, testified that he had transferred his account against defendant to this plaintiff. The other plaintiff does not claim that defendant promised to pay him the "old account,"

or that he had any agreement, express or implied, with the defendant for the continuance of the old account as a part of the account made by the defendant with the new firm nearly five years after the last item of the old account.  We have searched the record in vain for any substantial evidence of an agreement between the present firm and the defendant that the amount of his indebtedness to the preceding firm should be one of the items of the account opened in December ,1892. In the absence of such testimony, the finding of the learned trial judge can not be sustained as to any items of account between defendant and the predecessors in business of the plaintiffs.  The judgment herein is reversed and the cause remanded, to be tried in conformity with this opinion.  All concur.