EMERSON W. LYON *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.   March 4. — June 27, 1879.   MORTON & ENDICOTT, JJ., absent.

A railroad corporation made a contract with a person to do certain work on its railroad. He contracted with G. to furnish the gravel. G. contracted with D. to fill the cars at a gravel-pit, and D. hired L. to assist in the work under his contract. After L. had done some work, D. abandoned his contract with G. and G. a few days afterward continued D.'s work and employed L. upon it. *Held,* that L. could not maintain an action against the corporation, under the St. of 1873, c. 353, for the amount due him from D., without filing a statement of his claim within thirty days after he ceased to perform labor for D., and that it was not enough to file a certificate within thirty days after he ceased to perform labor for G., describing the labor as performed for D. and G.

CONTRACT on the St. of 1873, *c.* 353, for labor performed on the defendant's railroad. Writ dated February 14, 1877. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts in substance as follows:

The city of Boston, being about to legally extend Swett Street, in order that the street might pass under the tracks of the defendant's railroad, made a contract with the defendant by which the latter was to raise the grade of its road, which was already constructed and in operation, fourteen feet at the point where the street was to cross the railroad. The defendant contracted with J. B. Dacey & Co. to do part of the work. The latter contracted with Phineas E. Gay to furnish gravel, and Gay contracted with Frank H. Dean to fill Gay's cars, at the latter's pit in Dedham, at a certain price per cubic yard of gravel. Gay, under the contract, furnished Dean with a steam-shovel and other

appliances. The plaintiff was hired by Dean, and worked for him in managing the steam-shovel until November 3, 1876, when Dean abandoned his contract with Gay. Gay continued the work abandoned by Dean, after an interval of several days, and hired the plaintiff, and continued him on similar work in the same pit until December 20, 1876. At that time there was due the plaintiff $333.86 for labor performed between August 5 and December 20, 1876, of which $131.60 was earned under Gay, who paid.the plaintiff, on November 30, for work done in November, and, on December 30, 1876, paid him in full for his claim.against him. Dean owes the plaintiff the sum of $202.26 for work done before November 3. During the time Dean employed the plaintiff, the gravel was used in raising the grade of the defendant's road at the Swett Street crossing in Boston, and, while Gay employed him, it was used on a part of the railroad lying in Norwood, under an agreement between the defendant and Gay for widening the defendant's railroad for the purpose of laying an additional track. On December 27, 1876, the plaintiff filed, in Dedham and in Boston, a certificate of his claim against the defendant, setting forth the number of days he had performed labor and the amount due, and concluding as follows : "That I performed said work for and by the employment of Frank H. Dean and Phineas E. Gay, and I claim the above-named balance so due of you, the above-named corporation." The plaintiff's writ was delivered to the officer and served on March 18, 1877. The writ was made on the day of its date, and was intentionally retained by the plaintiff's attorney until about the time of service, he expecting that he might be called on to make similar writs and intending to have them served together.

If, upon the above facts, the plaintiff was entitled to recover, judgment was to be entered for him for $202.26 and interest; otherwise, judgment for the defendant.

*N. B. Bryant*, for the plaintiff.

*J. R. Bullard*, for the defendant.

AMES, J. The St. of 1873, *c.* 353, is intended " to give a right of action against owners of railroads to persons who perform labor or furnish materials in and for the construction of said roads." By § 3, it is made necessary that the claimant, within. thirty days after ceasing to perform such labor, should file, in the

office of the clerk of any city or town in which any of such labor shall have been performed, a written statement, under his oath, of the amount of the debt so due him, and the name of the person or persons for whom or by whose employment the labor was performed. The plaintiff was employed by Dean until November 3, 1876, at which time Dean abandoned the work, being then indebted to the plaintiff in the sum of $202.26. After an interval of several days, Gay undertook the completion of the work, and employed the plaintiff upon it until December 20, 1876, for all of which labor performed for Gay the plaintiff has been paid in full. It is evident, therefore, that the plaintiff worked under two different contracts, for two different employers, and there was no privity or connection in these contracts between these two employers. In order to avail himself of the benefit of the statute, and to claim under its provisions a right of action against the railroad for labor performed under his contract with Dean, the statement should have been filed with the town clerk within thirty days after ceasing to perform that labor. He cannot cure this difficulty in his case by describing the labor as performed in the employment of Dean and Gay. He was not employed by them jointly.

Whether the labor can properly be said to have been performed in the construction of the railroad, and whether the action was commenced within the sixty days limited by § 5 of the act, are questions which it is unnecessary to decide. It is fatal to the plaintiff's case that the sworn statement was not filed till after the expiration of the thirty days allowed by § 3.

*Judgment affirmed.*